An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BENJAMIN WILLIAMS; AND
SOLITUDE PLANNING GROUP, LLC,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
VALORIE J. VEGA, DISTRICT JUDGE,
Respondents,
and
JULIE MINUSKIN; AND RETIRE
HAPPY, LLC,
Real Parties in Interest.

No. 65977

**FILED**

JUL 24 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION FOR
WRIT OF MANDAMUS OR PROHIBITION*

This is an original petition for a writ of mandamus or prohibition challenging district court orders denying a motion to dismiss and granting a preliminary injunction.

A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, or to control an arbitrary or capricious exercise of discretion. *See* NRS 34.160; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). This court may issue a writ of prohibition to arrest the proceedings of a district court exercising its judicial functions when such proceedings are in excess of the district court's jurisdiction. *See* NRS 34.320; *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). Writ relief is typically not available, however, when the petitioner has a plain, speedy, and adequate

SUPREME COURT
OF
NEVADA

(O) 1947A

14-24075

remedy at law. *See* NRS 34.170; NRS 34.330; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558.

With regard to the order denying petitioner's motion to dismiss, this court generally will not consider writ petitions challenging such orders because an appeal from the final judgment is usually a speedy and adequate legal remedy, precluding writ relief. *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. In some instances, this court will consider such petitions if no factual dispute exists and the district court was obligated to dismiss the action pursuant to clear authority or if an important issue of law needs clarification. *Id.* at 197-98, 179 P.3d at 559. Having considered the writ petition and appendix in this case, we conclude that petitioner has not demonstrated that the district court was required by clear authority to dismiss the underlying action.

First, petitioners contend that, instead of initiating the underlying action, real parties in interest should have filed a motion to enforce the parties' settlement agreement in a previous case filed by petitioner Benjamin Williams against real party in interest Julie Minuskin. But real parties in interest could not have filed such a motion in the previous case as the district court in that case lost jurisdiction once the case was dismissed. *SFPP, L.P. v. Second Judicial Dist. Court*, 123 Nev. 608, 612, 173 P.3d 715, 718 (2007) (concluding that once an order for dismissal is entered, the district court lacks jurisdiction to "conduct any further proceedings with respect to the matters resolved in the judgment unless [the judgment is] first properly set aside or vacated"). Thus, contrary to petitioners' assertion, filing a new action was appropriate.

Second, petitioners contend that the underlying action is barred by principles of claim or issue preclusion because real parties in

interest's claims were resolved in the previous case. In that case, Williams alleged that Minuskin had violated an earlier settlement agreement executed by the parties when their business relationship ended. But in the underlying action, Minuskin and real party in interest Retire Happy, LLC allege that Williams violated the settlement agreement that ended the previous case, and that Williams and petitioner Solitude Planning Group, LLC committed additional tortious acts after the previous case was dismissed. Therefore, the claims at issue here are distinct from those in the previous case and could not have been brought in that matter, rendering petitioners' preclusion-based argument without merit. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55, 194 P.3d 709, 713 (2008) (setting forth the tests for claim preclusion and issue preclusion).

Third, petitioners assert that Solitude must be dismissed from the underlying action because it was not a party to the settlement agreement at issue in the complaint. Only the breach of contract claim was specifically based on the settlement agreement, however, and Solitude has not demonstrated that it was an improper party with regard to the remaining claims. For the reasons set forth above, we conclude that petitioners have not demonstrated that the district court was required to dismiss the complaint in accordance with clear authority. *See Int'l Game Tech.*, 124 Nev. at 197-98, 179 P.3d at 558-59.

Finally, to the extent that petitioners challenge the district court's grant of a preliminary injunction, that order was independently appealable and is not properly addressed through a petition for extraordinary writ relief. *See Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558; *Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 224-25, 88 P.3d 840, 841 (2004) (explaining that an appeal is generally an adequate legal

remedy precluding writ relief and that "writ relief is not available to correct an untimely notice of appeal"). Accordingly, we deny the petition. *See* NRAP 21(b)(1); *Smith*, 107 Nev. at 677, 818 P.2d at 851.

It is so ORDERED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Saitta

cc:     Hon. Valorie J. Vega, District Judge
        Harris Law Office
        Palazzo Law Firm
        Eighth District Court Clerk