*1049
 
 OPINION
 

 By the Court,
 

 Saitta, J.:
 

 This appeal raises the issue of whether claim preclusion applies to prevent a party from bringing a second lawsuit when the first lawsuit was dismissed under a local court rule for failure to attend a pretrial calendar call. In resolving this issue, we clarify the tests for determining when claim preclusion or issue preclusion applies. We then conclude that claim preclusion applies in the present case and therefore affirm the district court’s order granting summary judgment in favor of respondent based on its ruling that
 
 *1050
 
 claim preclusion prevents appellant from bringing this second lawsuit.
 

 FACTS
 

 This matter involves a dispute over a contract to purchase real property that resulted in two district court lawsuits. In the initial suit, counsel for appellant Five Star Capital Corp. (Five Star) failed to appear at a pretrial calendar call because he mistakenly went to the wrong department. When counsel failed to attend the calendar call, the district court dismissed the suit. Five Star’s counsel later discovered the error and went to the correct department, but the case had already been dismissed. Five Star then filed a motion to reinstate the case, based on its discovery that the court minutes had incorrectly stated the department for the calendar call, resulting in Five Star’s counsel appearing in the wrong department. The district court granted the motion and reinstated the case.
 

 The calendar call was rescheduled for a new date. Before the second calendar call, Five Star changed counsel. At the time of the second calendar call, new counsel for Five Star also failed to appear. Respondent Michael W. Ruby, individually and as Trustee of the Ruby Revocable Trust, again requested dismissal, which was granted by the court pursuant to Eighth Judicial District Court Rule (EDCR) 2.69(c). That rule allows for an action’s dismissal for failure to attend a calendar call. Apparently, Five Star’s new attorneys were confused as to which one of them was to attend the conference, and thus neither appeared.
 

 Five Star did not appeal from the dismissal order but instead filed a new action based on the same contract. Ruby subsequently filed a motion for summary judgment based on res judicata, which was granted. This appeal followed.
 

 DISCUSSION
 

 On appeal, Five Star contends that claim preclusion should not apply to preclude its second suit because in the first action it only sought specific performance, but in its second action it sought, in addition to specific performance, a breach of contract claim. Additionally, it contends that the first suit was not decided on the merits and therefore does not preclude a second suit. Both parties argue the application of claim preclusion under a three-factor test enunciated in
 
 University of Nevada v.
 
 Tarkanian,
 
 [2]
 
 which provides that
 

 
 *1051
 
 (1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; and (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation.
 
 [3]
 

 Subsequent to our decision in
 
 Tarkanian,
 
 however, we held that these factors only pertain to issue preclusion as opposed to claim preclusion.
 
 [4]
 
 Thus, the parties incorrectly argue the application of claim preclusion under these factors. Notwithstanding, we recognize that there is a lack of clarity in this court’s caselaw defining the proper tests for claim preclusion and issue preclusion. Accordingly, we first clarify the proper tests for both claim and issue preclusion and then address the merits of this appeal based on the application of the claim preclusion test.
 

 History of claim and issue preclusion
 

 The meaning of the term “res judicata” has evolved over time in the judicial system and confusion continues among courts as to what “res judicata” encompasses.
 
 [5]
 
 In some jurisdictions the term includes both claim and issue preclusion, while in other jurisdictions claim and issue preclusion are separated, with “res judicata” referring to claim preclusion and “collateral estoppel” referring to issue preclusion.
 
 [6]
 
 There is a growing trend towards separating the two legal doctrines and referring to them as claim and issue preclusion in order to avoid confusion.
 
 [7]
 
 This change of terminology to claim and issue preclusion is useful, as the two doctrines have different preclusive effects.
 
 [8]
 

 Nevada’s caselaw has similarly blurred the concepts of claim and issue preclusion but has moved towards adopting the terminology of claim and issue preclusion as separate legal doctrines. For many years the term “res judicata” was used to refer to either claim or issue preclusion. In the seminal res judicata case,
 
 University of Nevada v. Tarkanian,
 
 the court recognized a difference between
 
 *1052
 
 claim and issue preclusion but still stated that both claim and issue preclusion fell under the doctrine of res judicata, stating that the concepts were “two different species of res judicata.”
 
 [9]
 
 The
 
 Tarkanian
 
 court enunciated the three-factor test outlined above but stated that the factors applied to res judicata generally; the court did not create different tests for claim and issue preclusion. The court, however, went on to outline differences between claim and issue preclusion.
 

 In addressing claim preclusion, the
 
 Tarkanian
 
 court stated that the doctrine “is triggered when a judgment is entered. A valid and final judgment on a claim precludes a second action on that claim or any part of it.”
 
 [10]
 
 Further, the court recognized that the claim preclusion doctrine “embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted, and thus has a broader reach” than the issue preclusion doctrine.
 
 [11]
 
 In regards to issue preclusion, the
 
 Tarkanian
 
 court noted that it could apply when issues addressed in an earlier suit arose in a later suit between the parties. In order for issue preclusion to apply, there must be a common issue that “was actually decided and necessary to the judgment in the earlier suit. . . ”
 
 [12]
 
 This court emphasized that “[t]he doctrine provides that any issue that was
 
 actually and necessarily litigated
 
 in one action will be estopped from being relitigated in a subsequent suit.”
 
 [13]
 

 Following the
 
 Tarkanian
 
 decision, this court again addressed claim and issue preclusion in
 
 Executive Management
 
 v.
 
 Ticor Title Insurance
 
 Co.
 
 [14]
 
 In
 
 Executive Management,
 
 the court recognized that the term “res judicata” refers to only claim preclusion
 
 [15]
 
 and reiterated the explanation of differences between claim and issue preclusion previously outlined in Tarkanian,
 
 [16]
 
 The court held that the three-part test stated in
 
 Tarkanian
 
 applied to issue preclusion only, not claim preclusion.
 
 [17]
 
 While no definitive test for claim preclusion was set forth, the opinion contains the following summary:
 

 Pursuant to the rule of claim preclusion, a valid and final judgment on a claim precludes a second action on that claim
 
 *1053
 
 or any part of it. Claim preclusion applies when a second suit is brought against the same party on the same claim. . . . We have further stated that the modern view is that claim preclusion embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted, and thus has a broader reach than issue preclusion.
 
 [18]
 

 Thereafter, in
 
 LaForge
 
 v.
 
 State, University System,
 
 this court reaffirmed that the
 
 Tarkanian
 
 three-factor test only applied to issue preclusion.
 
 [19]
 
 It also clarified issue preclusion further, stating that “[i]ssue preclusion may apply ‘even though the causes of action are substantially different, if the same fact issue is presented.’ ’ ’
 
 [20]
 
 The
 
 LaForge
 
 opinion did not discuss claim preclusion.
 

 The lack of a clear test for claim preclusion was further evident in
 
 Ayala v. Caesars Palace,
 
 when, in a footnote citing to
 
 Executive Management,
 
 the court stated that the test for claim preclusion was the same as for issue preclusion, except that it “embraces not only the grounds of recovery that were asserted in the prior suit but those that could have been asserted.”
 
 [21]
 
 This statement conflicted with the holding in
 
 Executive Management
 
 that the test pronounced in
 
 Tarkanian
 
 was only for determining whether issue preclusion applies.
 

 Finally, in
 
 Edwards
 
 v.
 
 Ghandour,
 

 [22]
 

 this court recently articulated a four-factor test for applying claim preclusion: “(1) whether the parties are the same, (2) whether the first and second complaint are based on the same set of common facts, (3) whether the same relief is sought in the two complaints, and (4) whether an identity of causes of action exists between the two complaints.”
 
 [23]
 

 Edwards
 
 cites to a 1965 opinion,
 
 Zalk-Josephs Co. v. Wells Cargo, Inc.,
 

 [24]
 

 as support for this test. While
 
 Zalk-Josephs
 
 relied on these factors to conclude that res judicata applied in that case, the factors were referred to in an effort to show the similarity between the cases filed, not as a strict test for application of claim preclusion. Thus,
 
 Edwards
 
 improperly relied on
 
 Zalk-Josephs
 
 for its four-factor test, when that case did not provide sufficient authority to support such a test.
 
 [25]
 

 
 *1054
 
 Furthermore, while
 
 Edwards
 
 finally sets forth a test for claim preclusion, the test is overly rigid in light of the purposes of claim preclusion previously established by this court. In particular, the third factor could be interpreted in such a way that a party could avoid claim preclusion by merely adding an additional claim for relief in their second suit. Such an outcome contradicts the purpose of the claim preclusion doctrine, which is to obtain finality by preventing a party from filing another suit that is based on the same set of facts that were present in the initial suit.
 

 As a result of this lack of clarity in our caselaw regarding the factors relevant to determining whether claim or issue preclusion apply, we take this opportunity to establish clear tests for making such determinations. We now specifically adopt the terms of claim preclusion and issue preclusion as the proper terminology in referring to these doctrines. This will help avoid confusion and interchanging use of the two separate doctrines and follows the trend adopted among several courts, including the United States Supreme Court.
 
 [26]
 
 In so doing, we incorporate the proper rules established by this court for each doctrine. In light of this clarification,
 
 Ayala
 
 and
 
 Edwards
 
 both contain statements regarding the application of claim preclusion that are now incorrect.
 

 We begin by setting forth the three-part test for determining whether claim preclusion should apply: (1) the parties or their privies are the same, (2) the final judgment is valid,
 
 [27]
 
 and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case.
 
 [28]
 
 These three factors, in varying language, are used by the majority of state and federal courts.
 
 [29]
 
 This test maintains the well-established principle
 
 *1055
 
 that claim preclusion applies to all grounds of recovery that were or could have been brought in the first case.
 
 [30]
 

 For application of the issue preclusion doctrine, we affirm the validity of the three factors outlined in Tarkanian, but we now add a fourth factor to that test to better clarify the distinction between claim and issue preclusion. Specifically, the fourth factor requires that the issue was actually and necessarily litigated. In both
 
 Tarkanian
 
 and
 
 Executive Management,
 
 this court recognized this requirement for issue preclusion but did not include it as a factor in the test for issue preclusion.
 
 [31]
 
 Accordingly, the following factors are necessary for application of issue preclusion: “(1) the issue decided in the prior litigation must be identical to the issue presented in the current action; (2) the initial ruling must have been on the merits and have become final; ... (3) the party against whom the judgment is asserted must have been a party or in privity with a party to the prior litigation”;
 
 [32]
 
 and (4) the issue was actually and necessarily litigated.
 

 Thus, while claim preclusion can apply to all claims that were or could have been raised in the initial case, issue preclusion only applies to issues that were actually and necessarily litigated and on which there was a final decision on the merits. The reason for this distinction is because claim preclusion applies to preclude an entire second suit that is based on the same set of facts and circumstances as the first suit, while issue preclusion, as stated in
 
 LaForge,
 
 applies to prevent relitigation of only a specific issue that was decided in a previous suit between the parties, even if the second suit is based on different causes of action and different circumstances.
 
 [33]
 

 While both claim and issue preclusion could apply in some lawsuits, there is a clear need for both doctrines. As stated above,
 
 *1056
 
 claim preclusion may apply in a suit to preclude both claims that were or could have been raised in a prior suit, while issue preclusion would not preclude those issues not raised in the prior suit. Likewise, there are situations in which issue preclusion may apply but claim preclusion would not. This situation occurred in
 
 United States v. Stauffer Chemical Co.
 

 [34]
 

 The
 
 Stauffer
 
 case involved an issue of whether private contractors were “authorized representatives” under the Clean Air Act for purposes of conducting inspections.
 
 [35]
 
 The Environmental Protection Agency had attempted to inspect a plant using private contractors, but the company that owned the plant refused to allow the inspection when the private contractors would not sign a nondisclosure of trade secrets agreement.
 
 [36]
 
 The United States Supreme Court determined that the issue of whether private contractors were “authorized representatives” had been decided in a previous suit involving the same company and the government but which involved a refusal to allow private contractor inspectors at a different plant location.
 
 [37]
 
 Based on this prior suit, the Court held that the government was precluded from relitigating this issue under the issue preclusion doctrine.
 
 [38]
 
 While claim preclusion could not have applied because the two suits involved completely different occurrences at different locations, the “authorized representatives” issue was the same in both cases, was decided on the merits in a final decision, involved the same government party, and was actually and necessarily litigated.
 
 [39]
 
 Thus, issue preclusion applied to prevent relitigation of the issue.
 
 [40]
 

 In the present matter, while issue preclusion does not apply because there was no litigation of the actual merits, in applying the claim preclusion test to the present matter, we conclude that the district court properly granted summary judgment in favor of Ruby.
 

 Application of claim preclusion bars appellant’s second suit
 

 As established above, for claim preclusion to apply the following factors must be met: (1) the same parties or their privies are
 
 *1057
 
 involved in both cases, (2) a valid final judgment has been entered, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case. In this case, the first factor for claim preclusion is not in dispute— the parties are identical in both the first and second case. As regards the other two factors, Five Star contends that they are not met because the dismissal in the first case was not decided on the merits and therefore cannot serve to preclude the second suit; and as the second suit sought both breach of contract and specific performance, while the first case only raised specific performance, claim preclusion does not apply. Five Star also argues that regardless of whether the factors are met, public policy concerns weigh in favor of allowing this case to proceed to trial. We conclude that Five Star’s arguments lack merit for a number of reasons.
 
 [41]
 

 First, Five Star challenges the preclusive effect of the dismissal in the first suit by arguing that it was not a decision on the merits and nothing in the court order or the rule on which the dismissal in the first suit was based indicate that the dismissal was with prejudice. NRCP 41(b) resolves the question of whether the dismissal in the first case holds preclusive effect. NRCP 41(b) states, in relevant part, that “[ujnless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.”
 

 As the dismissal in the first suit was based on a rule other than NRCP 41 and was not based on the lack of jurisdiction, improper venue, or failure to join a party exceptions, it falls under the “any dismissal not provided for in this rule” language and, thus, “operates as an adjudication upon the merits.”
 
 [42]
 
 While the United States Supreme Court has held that the “adjudication upon the merits” portion of FRCP 41(b), which is nearly identical to NRCP 41(b), does not automatically provide a basis for claim preclusion,
 
 [43]
 
 such is the recognized result in cases involving dismissal for
 
 *1058
 
 failure to comply with court orders.
 
 [44]
 
 Furthermore, even under the Supreme Court’s decision interpreting the “adjudication upon the merits” phrase, preclusion would apply in this case, as the Supreme Court ruled that the phrase is meant to preclude the refiling of the same claim in the same court in which the dismissal occurred.
 
 [45]
 
 As both lawsuits involved here were filed in Nevada state courts, it is clearly proper to give preclusive effect to the dismissal of the first suit.
 
 [46]
 

 Such a result supports the policy reasons behind claim preclusion. As stated in Restatement (Second) of Judgments section 19, comment a, the purposes of claim preclusion are “based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end” and that such reasoning may apply “even though the substantive issues have not been tried, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding. ...” Consequently, the dismissal in the first suit is properly considered a final judgment for claim preclusion purposes.
 

 Next, Five Star’s argument that claim preclusion cannot apply because the second suit included an additional claim for breach of contract damages is erroneous. As explained above, claim preclusion applies to prevent a second suit based on all grounds of recovery that were or could have been brought in the first suit. Since the second suit was based on the same facts and alleged wrongful conduct of Ruby as in the first suit, the breach of contract claim could have been asserted in the first suit. As a result, claim preclusion applies, and the district court properly granted summary judgment in favor of Ruby.
 

 Public policy exception does not apply
 

 Finally, Five Star argues that the public policy of favoring resolving a case on the merits outweighs the application of claim preclusion and therefore summary judgment was improper. We reject this contention. While Five Star accurately notes that we have recognized a public policy exception to claim preclusion in cases involving a determination of paternity,
 
 [47]
 
 it provides no support for the argument that the exception extends beyond paternity matters to apply here. Rather, such an application would defeat the purpose of EDCR 2.69, as a party could fail to attend a mandatory calendar
 
 *1059
 
 call, have its suit dismissed, and then easily avoid the consequences by merely filing a second suit and claiming the policy of favoring adjudication on the merits.
 

 This conclusion is further supported by the United States Supreme Court’s decision in
 
 Reed
 
 v.
 
 Allen.
 

 [48]
 

 In
 
 Reed,
 
 the petitioner faced a situation where a ruling in one case had been used as a basis for judgment against petitioner in a second case. The ruling in the first case was on appeal when the judgment in the second case was entered. The petitioner did not appeal from the second judgment. Then, the first judgment was reversed, and petitioner filed a third suit seeking to set aside the judgment from the second suit, since the basis for the judgment was no longer valid as a result of the reversal of the first case. The Supreme Court found that res judicata barred this third suit, stating “[w]e are unable to find reason or authority supporting the proposition that because a judgment may have been given for wrong reasons . . . that it is any the less effective as an estoppel between the parties while in force.”
 
 [49]
 

 The Court held that the unusual situation was created by the petitioner’s failure to appeal the second judgment and that
 

 [h]aving so failed, we cannot be expected, for his sole relief, to upset the general and well-established doctrine of
 
 res judicata,
 
 conceived in the light of the maxim that the interest of the state requires that there be an end to litigation — a maxim which comports with common sense as well as public policy.
 
 [50]
 

 The Court continued by stating that “the mischief which would follow the establishment of a precedent for so disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.”
 
 [51]
 

 The present case is similar to
 
 Reed
 
 in that Five Star is responsible for causing the current situation. Had it properly appealed the dismissal in the first case, the propriety of the dismissal could have been addressed, and if it was improper, the case would have been remanded for a trial on the merits. However, Five Star failed to appeal. Five Star has not demonstrated that this court should disrupt sound claim preclusion principles merely to attempt to correct Five Star’s mistake.
 

 CONCLUSION
 

 The district court properly granted summary judgment based on the doctrine of claim preclusion. The dismissal of the first suit con
 
 *1060
 
 stituted a valid, final judgment and was a dismissal with prejudice. Five Star failed to appeal that determination, instead choosing to file a second suit based on the same set of facts and merely adding an additional claim for relief. This is the exact type of case for which claim preclusion is necessary — to prevent a party from continually filing additional lawsuits until it obtains the outcome it desires by merely asserting an additional claim for relief. As all the necessary elements for claim preclusion are met, summary judgment was appropriate, and we therefore affirm the judgment of the district court.
 

 Gibbons, C. J., Hardesty, Parraguirre, Douglas and Cherry, JJ., concur.
 

 [2]
 

 110 Nev. 581, 879 P.2d 1180 (1994).
 

 [3]
 

 Id.
 
 at 598, 879 P.2d at 1191.
 

 [4]
 

 Executive Mgmt. v. Ticor Title Ins. Co.,
 
 114 Nev. 823, 836, 963 P.2d 465, 473-74 (1998).
 

 [5]
 

 Migra v. Warren City School Dist. Bd. of Ed.,
 
 465 U.S. 75, 77 n.1 (1984);
 
 In re Continental Airlines, Inc.,
 
 279 F.3d 226, 232 (3d Cir. 2002).
 

 [6]
 

 Charles Alan Wright & Mary Kay Kane,
 
 Law of Federal Courts
 
 § 100A, at 726 (6th ed. 2002).
 

 [7]
 

 Id.; Migra,
 
 465 U.S. at 77 n.1;
 
 Continental Airlines,
 
 279 F.3d at 232.
 

 [8]
 

 Charles Alan Wright & Mary Kay Kane,
 
 Law of Federal Courts
 
 § 100A, at 726 (6th ed. 2002);
 
 Migra,
 
 465 U.S. at 77 n.1;
 
 Continental Airlines,
 
 279 F.3d at 232.
 

 [9]
 

 110 Nev. 581, 598, 879 P.2d 1180, 1191 (1994).
 

 [10]
 

 Id.
 
 at 599, 879 P.2d at 1191.
 

 [11]
 

 Id.
 
 at 600, 879 P.2d at 1192.
 

 [12]
 

 Id.
 
 at 599, 879 P.2d at 1191.
 

 [13]
 

 Id.
 

 [14]
 

 114 Nev. 823, 963 P.2d 465 (1998).
 

 [15]
 

 Id.
 
 at 834, 963 P.2d at 473.
 

 [16]
 

 Id.
 
 at 835, 963 P.2d at 473.
 

 [17]
 

 Id.
 
 at 836, 963 P.2d at 473-74.
 

 [18]
 

 Id.
 
 at 835, 963 P.2d at 473 (internal quotations and citations omitted).
 

 [19]
 

 116 Nev. 415, 997 P.2d 130 (2000).
 

 [20]
 

 Id.
 
 at 420, 997 P.2d at 134 (quoting
 
 Clark v. Clark,
 
 80 Nev. 52, 56, 389 P.2d 69, 71 (1964)).
 

 [21]
 

 119 Nev. 232, 235 n.6, 71 P.3d 490, 492 n.6 (2003).
 

 [22]
 

 123 Nev. 105, 159 P.3d 1086 (2007).
 

 [23]
 

 Id.
 
 at 118, 159 P.3d at 1094-95.
 

 [24]
 

 81 Nev. 163 , 400 P.2d 621 (1965).
 

 [25]
 

 Zalk-Josephs
 
 was not cited to by
 
 Tarkanian, Executive Management,
 
 or any other case addressing issue or claim preclusion, until
 
 Edwards.
 

 [26]
 

 Migra v. Warren City School Dist. Bd. of Ed.,
 
 465 U.S. 75, 77 n.1 (1984);
 
 In re Continental Airlines, Inc.,
 
 279 F.3d 226, 232 (3d Cir. 2002); Charles Alan Wright & Mary Kay Kane,
 
 Law of Federal Courts
 
 § 100A, at 726 (6th ed. 2002).
 

 [27]
 

 While the requirement of a valid final judgment does not necessarily require a determination on the merits, it does not include a case that was dismissed without prejudice or for some reason (jurisdiction, venue, failure to join a party) that is not meant to have preclusive effect.
 
 See
 
 18
 
 Moore’s Federal Practice
 
 § 131.30[3][a] (3d ed. 2008); Restatement (Second) of Judgments § 19 cmt. a, § 20 (1982); NRCP 41(b).
 

 [28]
 

 See University of Nevada v. Tarkanian,
 
 110 Nev. 581, 600, 879 P.2d 1180, 1191 (1994);
 
 Executive Mgmt. v. Ticor Title Ins. Co.,
 
 114 Nev. 823, 835, 963 P.2d 465, 473 (1998).
 

 [29]
 

 See generally
 
 18
 
 Moore's Federal Practice
 
 § 131.01 (3d ed. 2008) (listing specific cases by circuit using these three factors or adding a fourth factor);
 
 see also L.L.M.
 
 v.
 
 J.M.T.,
 
 964 So. 2d 66, 73 (Ala. Civ. App. 2007);
 
 Baxas Howell Mobley, Inc. v. BP Oil Co.,
 
 630 So. 2d 207, 209 (Fla. Dist. Ct. App. 1993);
 
 Pinnacle Media
 
 v.
 
 Metropolitan Dev. Com’n,
 
 868 N.E.2d 894, 899 (Ind. Ct. App. 2007);
 
 Spiker
 
 v.
 
 Spiker,
 
 708 N.W.2d 347, 353 (Iowa 2006);
 
 Stanfield
 
 v.
 
 Osborne Industries, Inc.,
 
 949 P.2d 602, 609 (Kan. 1997);
 
 Board
 
 
 *1055
 

 of Ed
 
 v.
 
 Norville,
 
 887 A.2d 1029, 1037 (Md. 2005);
 
 Sotirescu v. Sotirescu,
 
 52 S.W.3d 1, 4 (Mo. Ct. App. 2001);
 
 Texas Gen. Indem.
 
 v.
 
 Workers’ Comp. Com'n,
 
 36 S.W.3d 635, 638 (Tex. App. 2000);
 
 Dennis
 
 v.
 
 Vasquez,
 
 72 P.3d 135, 136 (Utah Ct. App. 2003);
 
 Wickenhauser v. Lehtinen,
 
 734 N.W.2d 855, 864 (Wis. 2007). While many courts add a fourth element requiring that the judgment be by a court with competent jurisdiction, this requirement is implicit in the second element’s requirement of a
 
 valid
 
 final judgment.
 

 [30]
 

 See
 
 Tarkanian,
 
 110 Nev. at 600, 879 P.2d at 1192;
 
 Executive Mgmt.,
 
 114 Nev. at 835, 963 P.2d at 473.
 

 [31]
 

 Tarkanian,
 
 110 Nev. at 599, 879 P.2d at 1191;
 
 Executive Mgmt.,
 
 114 Nev. at 835, 963 P.2d at 473.
 

 [32]
 

 Tarkanian,
 
 110 Nev. at 598, 879 P.2d at 1191.
 

 [33]
 

 LaForge
 
 v.
 
 State, University System,
 
 116 Nev. 415, 420, 997 P.2d 130, 134 (2000).
 

 [34]
 

 464 U.S. 165 (1984).
 

 [35]
 

 Id.
 
 at 166.
 

 [36]
 

 Id. at 167.
 

 [37]
 

 Id.
 
 at 168-69.
 

 [38]
 

 Id.
 
 at 169.
 

 [39]
 

 Id.
 
 We recognize that the Court in the
 
 Stauffer
 
 case addressed several possible exceptions to the application of issue preclusion, however, these concerns do not apply to the present case and we therefore do not address them in this opinion.
 

 [40]
 

 Id.
 
 at 174.
 

 [41]
 

 We also reject Five Star’s attempt to avoid claim preclusion by disputing the propriety of the dismissal in the first suit. Appellant did not appeal from that dismissal, and it is therefore not properly before us in this appeal from the summary judgment in the second suit.
 
 See Brent G. Theobald Constr.
 
 v.
 
 Richardson Constr., 122
 
 Nev. 1163, 1169, 147 P.3d 238, 242 (2006),
 
 abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas,
 
 124 Nev. 224, 228 n.6, 181 P.3d 670, 672 n.6 (2008). Additionally, whether a decision is correct does not affect its preclusive effect.
 
 See Reed v. Allen,
 
 286 U.S. 191, 200 (1932).
 

 [42]
 

 NRCP 41(b);
 
 see also Carter v. McGowan,
 
 524 F. Supp. 1119 (D. Nev. 1981) (applying FRCP 41(b), which is nearly identical to NRCP 41(b), to a dismissal based on a failure to attend a deposition to grant summary judgment in a second case on the basis of claim preclusion).
 

 [43]
 

 Semtek Int’l Inc.
 
 v.
 
 Lockheed Martin Corp.,
 
 531 U.S. 497, 501 (2001).
 

 [44]
 

 DeNardo v. Barrans,
 
 59 P.3d 266, 269-70 (Alaska 2002).
 

 [45]
 

 Semtek,
 
 531 U.S. at 506.
 
 See also Henry L. Clothier, Jr. v. Counseling, Inc.,
 
 875 So. 2d 1198, 1200 (Ala. Civ. App. 2003).
 

 [46]
 

 This result is also supported by Restatement (Second) of Judgments § 19 cmt. e (1982).
 

 [47]
 

 Willerton
 
 v.
 
 Bassham,
 
 111 Nev. 10, 889 P.2d 823 (1995).
 

 [48]
 

 286 U.S. 191 (1932).
 

 [49]
 

 Id.
 
 at 200 (quotation omitted).
 

 [50]
 

 Id.
 
 at 198-99.
 

 [51]
 

 Id.
 
 at 199.