An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

BRENDA B. TODD,
Appellant,
vs.
FORT DEFIANCE HOUSING
CORPORATION, INC.; AND LOWELL
E. ROTHSCHILD,
Respondents.

No. 64613

**FILED**

SEP 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY R. Malone
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court summary judgment in a judicial foreclosure action. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.

Appellant Brenda Todd challenges the judicial foreclosure of her home under a hypothecation agreement giving Bank of Nevada a security interest in her home. The hypothecation agreement was subsequently assigned to the bankruptcy trustee for respondent Fort Defiance Housing Corporation, Inc., in its Chapter 7 bankruptcy.[1] The trustee then sought to enforce its rights under the hypothecation agreement in Todd's Chapter 7 bankruptcy, wherein the federal bankruptcy court determined that the hypothecation agreement was a consensual lien that had priority over Todd's assertion of a homestead exemption. The bankruptcy court then lifted the bankruptcy stay as to Todd's property so that the trustee could pursue judicial foreclosure on the hypothecation agreement lien in Nevada courts, but made no determination as to whether the trustee could judicially foreclose the lien under Nevada law. The trustee later filed the underlying judicial

_____

[1]Respondent Lowell E. Rothschild is the current bankruptcy trustee for Fort Defiance Housing Corporation, Inc.'s Chapter 7 bankruptcy.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-30683

foreclosure action and the district court granted the trustee summary judgment, finding that issue preclusion barred reexamination of many of the issues, that Todd had made key admissions, and that Todd failed to provide sufficient evidentiary support for her remaining arguments and defenses. Accordingly, the district court ordered the sale of Todd's home.

Todd appealed, and argues, among other things, that various defects exist in the hypothecation agreement and the bankruptcy proceedings, which should be construed liberally in her favor. She also argues that Bank of Nevada reconveyed the property to her, that the hypothecation agreement collateral was impaired, and that her homestead exemption precludes the trustee from judicially foreclosing on her property. This court reviews the district court's grant of summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005).

In the bankruptcy litigation giving rise to this action, the bankruptcy courts examined the legitimacy of the hypothecation agreement and determined it to be a valid, consensual lien that appellant granted on her property that took priority over her assertion of the homestead exemption. While appellant attacks procedural issues in the bankruptcy court, argues factual matters that differ from the bankruptcy courts' findings, and asserts that a policy of title insurance supports her position, these issues were considered and decided by the bankruptcy courts. Nevada state courts have no power to review the findings of a federal bankruptcy court and must apply issue preclusion if the issues and parties are identical, the issues were actually and necessarily litigated, and a final ruling on the merits was issued. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008); *Clark v. Columbia/HCA Info. Servs., Inc.*, 117 Nev. 468, 481, 25 P.3d 215, 224 (2001); *see generally Stoll v. Gottlieb*, 305 U.S. 165, 170-71 (1938)

SUPREME COURT
OF
NEVADA

(O) 1947A

(explaining, in the context of a bankruptcy case, that state courts have no power to interfere with federal court decisions arising out of federal question jurisdiction, such as bankruptcy court decisions, even when state-law issues are resolved in the context of those decisions, and must give preclusive effect to such decisions). Under these circumstances, we conclude that the district court did not err in applying issue preclusion to bar the relitigation of these issues. And while appellant complains about the bankruptcy courts' decisions and application of federal procedure, those arguments are not properly before us and appellant must raise them in the federal courts in her appeals from those judgments. *See Stoll*, 305 U.S. at 170-71.

To the extent that appellant raised issues of fact that were not decided by the bankruptcy courts, we agree with the district court that appellant failed to provide evidence supporting her remaining arguments. *Wood*, 121 Nev. at 729, 121 P.3d at 1029. Therefore, we perceive no error in the district court's grant of summary judgment to the trustee and its decision to order that the property be sold. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, J.
Hardesty

_____, J.      _____, J.
Douglas                          Cherry

---

[2]We have considered appellant's remaining arguments and conclude that they lack merit.

On March 5, 2014, appellant filed a document that appears to be a copy of a stay motion that she filed in the district court. We interpret this to be a notice that appellant filed such a stay motion in the district court and it therefore requires no action from this court.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Mark R. Denton, District Judge
Brenda B. Todd
Snell & Wilmer, LLP/Las Vegas
Eighth District Court Clerk