An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SUSAN REEVES,
Appellant,

vs.

BALLY'S GRAND HOTEL & CASINO,
Respondent.

No. 63950

**FILED**

JAN 1 5 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a pro se appeal from a district court order denying judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Stefany Miley, Judge.

Appellant Susan Reeves suffered an industrial injury more than 20 years ago when she was employed by respondent Bally's Grand Hotel & Casino. Many facets of appellant's workers' compensation claim have previously been litigated. In this appeal, appellant argues that the appeals officer erroneously determined that the Division of Industrial Relations (DIR), and not the Department of Administration, has jurisdiction to consider whether an insurer has violated any provision of the State Industrial Insurance Act, NRS Chapters 616A-616D. Appellant also asserts that respondent's insurer violated NAC 616A.480(6) by refusing to provide a certification of disability form and denying workers' compensation benefits on that basis.

Having considered appellant's pro se appeal statement and the record on appeal, we conclude that the appeals officer did not err or abuse her discretion when she determined that she lacked jurisdiction over appellant's administrative appeal. Appellant's letters to the insurer

15-01726

and her hearing request form all indicate that appellant was challenging the insurer's refusal to send a certificate of disability form to her physician. Thus, substantial evidence supports the appeals officer's determination that appellant was raising a complaint about the insurer's conduct, rather than contesting a benefits determination.[1] *See Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 & n.4, 188 P.3d 1084, 1087 & n.4 (2008) (explaining that this court will not disturb the appeals officer's factual findings on judicial review if they are supported by substantial evidence).

The DIR administrator has the duty to regulate any forms used for workers' compensation claims and conduct any investigations into whether an insurer has violated the statutory provisions. NRS 616A.100 (defining "Division"); NRS 616A.040 (defining "Administrator"); NRS 616A.400(2), (7) (setting forth the administrator's duties); NRS 616D.130 (explaining the investigation process). The DIR administrator also determines whether to impose a fine on an insurer for failing to comply with the statutory or regulatory provisions of NRS Chapters 616A-616D. NRS 616D.120. In contrast, the appeals officer considers matters relating

---

[1]Although appellant also asserts that the insurer used the lack of a certificate of disability form as a means to deny temporary total disability benefits, close her claim, and deny reopening of her claim, those actions are not at issue in this appeal and have been the subject of other appeals to this court. *See Reeves v. Bally's Grand Hotel & Casino*, Docket No. 56776 (addressing temporary total disability benefits); *Reeves v. Bally's Grand Hotel & Casino*, Docket No. 57823 (addressing claim closure and the scope of appellant's claim); *Reeves v. Bally's Grand Hotel & Casino*, Docket No. 62981 (addressing claim reopening). Therefore, we do not address that contention here. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054-55, 194 P.3d 709, 713 (2008) (explaining claim and issue preclusion).

to claims for workers' compensation or benefits. *See* NRS 616C.345. Because appellant was challenging the insurer's conduct, which is within the DIR's jurisdiction, the appeals officer did not err when she concluded that she lacked jurisdiction over appellant's administrative appeal.

Accordingly, because the appeals officer did not err or abuse her discretion in dismissing appellant's claim for lack of jurisdiction, we affirm the district court's order denying judicial review. *See Vredenburg*, 124 Nev. at 557, 188 P.3d at 1087 (noting that this court reviews an appeals officer's decision in a workers' compensation matter for clear error or an abuse of discretion).

It is so ORDERED.

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Stefany Miley, District Judge
       Susan Reeves
       Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
       Eighth District Court Clerk