# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRANSGLOBAL ASSETS, INC., A
NEVADA CORPORATION, F/K/A TIME
SHARE HOLDINGS, INC., A NEVADA
CORPORATION,
Appellant,
vs.
FREDERICK CONTE, AN
INDIVIDUAL,
Respondent.

No. 69393

FILED

JUL 2 5 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court judgment in a breach of contract action. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.

Appellant Frederick Conte entered into two separate promissory note agreements with respondent TransGlobal Assets, Inc. (TransGlobal), in which Conte lent TransGlobal $323,544.91 and $25,000, respectively. The first note was a "convertible promissory note" that provided that if TransGlobal were to default on its payment obligation, Conte would receive 808,862 shares of reserved stock, which the parties agreed at the time of agreement was worth $.40 per share. The second note was unsecured.

TransGlobal eventually defaulted on both notes. Prior to the instant suit for damages, Conte and three other shareholders sued TransGlobal and two of its directors in a derivative action for claims arising out of, *inter alia*, TransGlobal's failure to pay Conte's notes. The

17-24592

derivative action was eventually removed to federal court and later dismissed with prejudice for failure to prosecute.

Conte then filed suit on his own behalf to recover damages for the defaults. Three days later, TransGlobal attempted to issue the shares of reserved stock to Conte pursuant to the first note. The record and oral argument demonstrate that Conte did not receive the shares and that his own reluctance to accept the shares might have played a role in his failure to receive the shares.

TransGlobal then filed a motion to dismiss in which it argued that Conte should be precluded from bringing his individual claims because he should have brought them in the derivative suit. Conte opposed the motion, arguing that his claims are not precluded because he did not sue on his own behalf in the first action. The district court summarily denied TransGlobal's motion.

After a one-day bench trial, the district court determined that the two notes were valid contracts. The district court awarded money damages under the secured first note because TransGlobal failed to issue the stock prior to Conte commencing the action. Accordingly, the district court did not reach the issue of whether the secured first note specified shares of reserved stock as the sole remedy. The district court ordered TransGlobal to pay back the borrowed amounts under both notes plus interest.

## DISCUSSION

*Conte was not precluded from bringing the claims on his own behalf because the first suit was entirely a derivative suit.*

TransGlobal argues that the parties are the same in the derivative suit and the instant suit, therefore, the claims could have been brought in the first suit and are precluded now. Conte argues that the

derivative suit was brought by himself and three other representative shareholders only in their capacity as shareholders and only against two specific officers of TransGlobal. Because he did not bring the derivative suit on his own behalf or against the company itself, Conte avers that his individual claims are not precluded now. We agree with Conte.

Claim preclusion applies when: (1) the parties, or those in privity, are the same in the prior and instant action; (2) the prior action's final judgment is valid; and (3) the instant action is based on the same claims or claims that could have been brought in the first case. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008). "[C]laim preclusion applies to preclude an entire second suit that is based on the same set of facts and circumstances as the first suit . . . ." *Id.* at 1055, 194 P.3d at 713-14.

In the derivative suit, Conte and three other shareholders sued only on behalf of the company and its shareholders. Although the derivative suit named Conte and the shareholders individually in its caption, it is clear that the suit was purely derivative in nature, therefore the parties are not the same. Moreover, the two suits included mutually exclusive facts, therefore, we cannot conclude that the individual suit is "based on the same set of facts and circumstances as the" derivative suit. *Id.* Accordingly, we conclude that the district court properly denied TransGlobal's motion to dismiss, and we do not reverse the district court on this ground.

*The district court erred as a matter of law when it ordered damages on the first note.*

The district court awarded Conte damages on the first promissory note in the amount of $323,544.91. TransGlobal argues that the note document unambiguously provides that in the event of a default,

SUPREME COURT
OF
NEVADA

(O) 1947A

Conte was due the shares of reserved stock as his sole remedy. We agree with TransGlobal.

"When the facts in a case are not in dispute, contract interpretation is a question of law, which this court reviews de novo." *Lehrer McGovern Bovis, Inc. v. Bullock Insulation, Inc.*, 124 Nev. 1102, 1115, 197 P.3d 1032, 1041 (2008). When reviewing a contract, first we "determine[] whether the 'language of the contract is clear and unambiguous; if it is, the contract will be enforced as written.'" *Am. First Fed. Credit Union v. Soro*, 131 Nev., Adv. Op. 73, 359 P.3d 105, 106 (2015) (quoting *Davis v. Beling*, 128 Nev. 301, 321, 278 P.3d 501, 515 (2012)).

The first note makes it clear that it is a "convertible promissory note" and that in the event of a default, the remedy is that TransGlobal issue Conte the agreed upon shares of reserved stock.[1] Because this language is clear and unambiguous, we conclude that Conte's sole remedy became the shares of reserved stock instead of money damages as of the initial default.[2] Accordingly, we reverse the district court's order and remand for proceedings consistent with this opinion. Specifically, the district court must determine how to ensure that Conte receives his shares of reserved stock.

---

[1]The district court did not interpret the language of the contract, but instead based its decision on the fact that TransGlobal did not attempt to issue the stock until after Conte filed his lawsuit.

[2]The fact that TransGlobal did not immediately issue the shares of reserved stock upon initial default does not change the fact that the stock became Conte's sole remedy, pursuant to the terms of the agreement.

 

*The District Court properly awarded damages on the unsecured second note.*

Although we conclude that Conte's sole remedy under the first secured note are the shares of reserved stock, the unsecured second note provides no such remedy. Because TransGlobal presents no substantive argument as to why we should reverse the district court's finding of damages on the merits of the second note, we affirm the $25,000 damages award.[3] Accordingly we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART AND REMAND this matter to the district court for proceedings to ensure actual delivery of the 808,862 shares of reserved stock.

_____, C.J.
Cherry

_____, J.          _____, J.
Douglas                                Gibbons

_____, J.          _____, J.
Pickering                              Hardesty

_____, J.          _____, J.
Parraguirre                            Stiglich

---

[3]We have considered TransGlobal's argument relating to NRCP 16.1 disclosures and we conclude that it is without merit because there was never any doubt as to the amount of damages that Conte sought in his individual suit.

cc: Hon. Ronald J. Israel, District Judge
Kathleen M. Paustian, Settlement Judge
Gunderson Law Firm
Securus Law Group, P.A.
Nikolas L. Mastrangelo
Eighth District Court Clerk