NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRANCH BANKING AND TRUST COMPANY,<br><br>    Plaintiff-Appellee,<br><br>  v.<br><br>THE ESTATE OF SAIID FOROUZAN; et al.,<br><br>    Defendants-Appellants. | No. 16-17079<br><br>D.C. No. 2:14-cv-01947-APG-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted February 13, 2018
San Francisco, California

Before: HAWKINS and TALLMAN, Circuit Judges, and JACK,[**] District Judge.

Appellants challenge the denial of their motion to dismiss and the adverse

grant of summary judgment, contending that the district court lacked subject matter

jurisdiction, misapplied Nevada's issue preclusion law, and erroneously determined

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Janis Graham Jack, United States District Judge for the Southern District of Texas, sitting by designation.

that Branch Banking & Trust Company's ("Branch Banking") claims are timely. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The *Rooker–Feldman* doctrine is inapplicable in this case. That "narrow" doctrine, *Skinner v. Switzer*, 562 U.S. 521, 532 (2011), applies when a plaintiff "both asserts as [its] injury legal error or errors by the state court *and* seeks as [its] remedy relief from the state court judgment," *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004). Because Branch Banking seeks relief from the Appellants for their breach of a guarantee agreement (the "Guarantee") based on its ownership of the Guarantee under a 2011 assignment agreement (the "2011 Assignment"), its complaint does not constitute a de facto appeal of the prior state court actions, which addressed earlier, separate assignments that were found to be invalid. *See id.*

Nor was it error to hold that the Nevada state court actions did not preclude Branch Banking from litigating its right to collect under the Guarantee. For issue preclusion to apply, Nevada law requires that the issue sought to be precluded be identical to an issue actually and necessarily litigated in a final ruling on the merits in prior litigation. *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (en banc). The first and second Nevada state court actions did not address the transfer of the Guarantee under the 2011 Assignment. Therefore, the issue before the district court was neither identical to an issue in the Nevada state court actions nor actually and necessarily litigated in those actions. *Cf. State, Univ. & Cmty. Coll.*

*Sys. v. Sutton*, 103 P.3d 8, 16 (Nev. 2004) (pre-termination hearing findings did not preclude issues in later litigation involving different employment contract).

Finally, the parties agree that a six-year statute of limitations applies. Even assuming that Nevada's accrual standard rather than the deferred accrual standard under the Federal Institutions Reform, Recovery and Enforcement Act of 1989, 12 U.S.C. § 1821(d)(14)(B), applies to Branch Banking's claims, the claims are timely. Contrary to Appellants' argument, the Nevada Supreme Court has indicated that a cause of action for breach of a loan agreement accrues, at the earliest, on the date of default rather than the date of last payment. *See Taylor Bean & Whitaker Mortg. Corp. v. Vargas*, 408 P.3d 560 (Nev. 2017) (unpublished).

Branch Banking submitted loan documents indicating that default did not occur until January 2009—less than six years before Branch Banking filed its complaint. Although Appellants argued that the borrower issued its last check on the loan in September 2008, they did not dispute the January 2009 date of default. Consequently, the cause of action for breach of the Guarantee could not have accrued prior to the January 2009 date of default. *See id.*

Costs are awarded to Plaintiff-Appellee.

**AFFIRMED.**

16-17079