NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BENJAMIN ALLEN; RACHEL FLOWER, | No. 18-15030 |
| Plaintiffs-Appellants, | D.C. No. 3:17-cv-00154-LRH-WGC |
| v. | |
| WILMINGTON TRUST, N.A., As Trustee on behalf of ARLP Securitization Trust, Series 2014-2; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 15, 2018**

Before:     FARRIS, BYBEE, and N.R. SMITH, Circuit Judges.

Benjamin Allen and Rachel Flower appeal from the district court's order

dismissing their action alleging federal and state law claims arising from

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo. *San Remo Hotel L.P. v. San Francisco City & County*, 364 F.3d 1088, 1094 (9th Cir. 2004) (dismissal on the basis of issue preclusion); *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (dismissal under Fed. R. Civ. P. 12(b)(6)). We affirm.

The district court properly dismissed plaintiffs' action as barred by the doctrine of issue preclusion because all the requirements for the application of the doctrine were met. *See Ross v. Alaska*, 189 F.3d 1107, 1110 (9th Cir. 1999) (federal courts apply state law to determine issue preclusion); *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (elements of issue preclusion under Nevada law). Contrary to plaintiffs' contention, the issues raised in their prior state court proceedings and this action are identical, and were necessarily and actually litigated because the state court addressed both defendants' authority to foreclose and plaintiffs' standing to challenge that authority. *See Wood v. Germann*, 331 P.3d 859, 860 n.3 (Nev. 2014) (per curiam) (explaining that certain challenges to the veracity of a lender's loan documents fall within the scope of Nevada's foreclosure mediation program's judicial review process since those challenges implicate the lender's authority to foreclose).

The district court did not abuse its discretion by taking judicial notice of certain public records without a formal hearing because plaintiffs had an opportunity to be heard on the issue of judicial notice by filing objections to the

18-15030

request for judicial notice and an opposition to defendants' motion to dismiss. *See* Fed. R. Evid. 201(e); *Lee*, 250 F.3d at 689-90 (setting forth standard review, and explaining the circumstances in which the district court may take judicial notice of matters of public record in ruling on a motion to dismiss for failure to state a claim).

**AFFIRMED.**