NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 6 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HSBC BANK USA, N.A., as Trustee, In Trust for the Registered Holders of Ace Securities Corp., Home Equity Loan Trust, Series 2006-FM2, Asset Backed Pass-Through Certificates, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> SUZANNAH R. NOONAN IRA, LLC, <br><br> Defendant-Appellant, <br><br> and <br><br> SUNRISE BAY OWNERS' ASSOCIATION; NEVADA ASSOCIATION SERVICES, INC., <br><br> Defendants. | No. 19-17181 <br><br> D.C. No. 2:16-cv-01216-KJD-NJK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted March 12, 2021
San Francisco, California

Before: WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Suzannah R. Noonan IRA, LLC (Noonan) appeals from the district court's summary judgment for HSBC Bank USA, N.A. (HSBC) in an action for quiet title. We have jurisdiction under 28 U.S.C. § 1291. We vacate and remand.

In 2006, a homeowner acquired title to property in Nevada. To finance the acquisition, the homeowner obtained a $150,300 loan from Fremont Investment & Loan (Fremont) that was secured by a deed of trust. The deed listed Fremont as the lender, Old Republic Title as the trustee, and Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary. The property was subject to monthly homeowners' association fees assessed by Sunrise Bay Owners Association (HOA).

In 2012, the HOA's agent, Nevada Association Services, recorded a notice of delinquent assessment lien against the property for unpaid HOA fees and other charges. After the homeowner defaulted on the lien, Nevada Association Services recorded a notice of foreclosure sale against the property, and the property was sold at auction to Noonan in 2014.

Shortly thereafter, Noonan filed a quiet title action in Nevada state court, naming the former homeowner and Fremont as defendants. Neither defendant appeared or answered in that suit, and so on October 3, 2014, the state court entered a default judgment against them in Noonan's favor. On March 3, 2015, a corporate assignment of deed of trust was recorded in which MERS, as nominee

2

for Fremont (and its successors and assigns), assigned its beneficial interest under the deed of trust to HSBC.

In 2016, HSBC brought this action for quiet title against Noonan, the HOA, and Nevada Association Services. After discovery, HSBC and Noonan filed competing motions for summary judgment. Noonan argued that the state court's default judgment against Fremont—which Noonan characterized as HSBC's predecessor in interest—precluded HSBC from bringing this action. The district court denied Noonan's motion and granted HSBC's, holding that HSBC's deed of trust survived the HOA's foreclosure sale and that claim preclusion did not apply. This appeal followed.

The only question before us is whether the district court erred when it held that claim preclusion did not bar HSBC from bringing a quiet title action against Noonan.[1] The district court concluded that the state court default judgment was "insufficient to show that the issues were actually litigated" and thus had no preclusive effect. But whether an issue was "actually and necessarily litigated" is an element of the test for *issue* preclusion, not claim preclusion. *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (en banc). This question therefore should not have been part of the analysis of whether claim preclusion applies here.

---

[1] Noonan has not appealed from the district court's ruling on the merits of HSBC's claims in this action.

Rather, under Nevada law, claim preclusion applies when "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Id.* (footnote omitted). At oral argument, the parties agreed that this case hinges on the first element—and, more specifically, whether HSBC was in privity with Fremont. Privity "encompass[es] a relationship in which 'there is substantial identity between parties, that is, when there is sufficient commonality of interest.'" *Mendenhall v. Tassinari*, 403 P.3d 364, 369 (Nev. 2017) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003)).

Noonan contends that there is sufficient commonality of interest between Fremont and HSBC because, when Noonan filed its state court action for quiet title in 2014, publicly available records listed Fremont as the originator of the deed of trust. But this evidence is insufficient to demonstrate conclusively that Fremont maintained any interest in the property at the time of the state court action roughly eight years after the deed's origination. If Fremont had no interest in the property in 2014, then it could not have represented HSBC's interest in the state court action, and claim preclusion would not bar HSBC's action in federal court. By contrast, if Fremont did still have an interest in the property in 2014, HSBC would be its successor in interest, and the two would be in privity. *See Mendenhall*, 403

4

P.3d at 369. Because we cannot tell from the record before us whether Fremont had an interest in the property in 2014, we remand to the district court to consider this issue in the first instance.

We observe that, if Fremont no longer had an interest in the property in 2014, Noonan could not have discovered this fact from publicly available records due to Fremont's decision to use the MERS system. In Nevada, MERS is typically designated as a deed of trust's "beneficiary" so that noteholders may "eliminat[e] the need to prepare and record assignments when trading loans." *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 256 (Nev. 2012) (quoting *Jackson v. Mortg. Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 490 (Minn. 2009)). A "side effect" of this system "is that a transfer of an interest in a mortgage loan between two MERS members is unknown to those outside the MERS system." *Id.* (quoting *Jackson*, 770 N.W.2d at 491). It is possible that Fremont took advantage of the MERS system by transferring its interest to another MERS member at some point after 2006, and the transfer was never recorded because MERS continued to act as "nominee" for Fremont's "successors and assigns," thereby eliminating the need to record any activities.[2]

---

[2] Such a transfer may have become likely after Fremont filed for bankruptcy in June 2008.

5

Despite the uncertainty created by Fremont's use of the MERS system, we decline to assume that Fremont maintained an interest in the property in 2014 on the sole basis that no public records indicated otherwise. Noonan appears to suggest that we should resolve the uncertainty in its favor because there would be no practical way for an entity in its position to otherwise quiet title against a noteholder that benefits from the opacity of the MERS system. But there is a straightforward solution: An entity in Noonan's position could name MERS in the quiet title action.[3] If MERS had been a defendant, it would have ensured—as the nominee for the lender, its successors, and its assigns—that the noteholder's interests were represented even if the noteholder's identity was unknowable from public documents. And here, MERS is clearly listed as the designated beneficiary in the deed, in addition to being named as the nominee for the lender, so Noonan cannot claim that it lacked knowledge of MERS's interest or its role with respect to the deed.

---

[3] HSBC argues that the state court judgment is invalid because Noonan was required to name MERS in its quiet title action. We do not consider whether the state court wrongly entered default judgment in Noonan's favor, however, because "whether a decision is correct does not affect its preclusive effect." *Five Star Cap. Corp.*, 194 P.3d at 714 n.41. Our inquiry is confined to whether HSBC's interest was represented in the state court action.

Because the record does not contain enough information to determine whether HSBC was in privity with Fremont, we vacate the summary judgment and remand for further consideration.

**VACATED and REMANDED.  Each party shall bear their own costs.**