NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JIMIJACK IRREVOCABLE TRUST,

Plaintiff-Appellant,

v.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

Defendant-Appellee,

and

FIRST AMERICAN TRUSTEE
SERVICING SOLUTIONS LLC,

Defendant.

No.    19-15609

D.C. No.
2:18-cv-01560-JAD-VCF

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted April 13, 2021
Pasadena, California

Before:  PAEZ and VANDYKE, Circuit Judges, and GLEASON,** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Sharon L. Gleason, United States District Judge for the District of Alaska, sitting by designation.

Jimijack appeals the district court's dismissal of its action alleging claims arising from a nonjudicial foreclosure by a homeowners association ("HOA") of real property in Nevada. The property was the subject of a quiet title action in 2015, asserted by Jimijack's predecessor-in-interest. In that action, the district court entered judgment quieting title in favor of Fannie Mae.

In the present litigation, Jimijack attempted to quiet title against Fannie Mae, asserting that Fannie Mae could not foreclose on the deed of trust encumbering the subject property because it was not the owner of the promissory note that was secured by the deed of trust. The district court dismissed Jimijack's action, finding it precluded because Jimijack's claims arose from the same facts and circumstances as the prior litigation. We review the application of issue preclusion and claim preclusion de novo, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 745 (9th Cir. 2006), and we affirm.

The preclusive effect of a Nevada judgment is analyzed under Nevada law. *Mack v. Kuckenmeister*, 619 F.3d 1010, 1016 (9th Cir. 2010). Under Nevada law, claim preclusion requires that "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Cap. Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (en banc). The test for determining whether the claims, or any part of them, are barred in a subsequent

2

action is whether they are "based on the same set of facts and circumstances as the [initial action]." *Id.* at 714. Claim preclusion "embraces all grounds of recovery that were asserted in a suit, as well as those that could have been asserted, and thus has a broader reach than issue preclusion." *Id.* at 712.

First, the parties to the prior action were Fannie Mae and ABS, Jimijack's predecessor-in-interest. *See id.* at 713. Second, although Jimijack disputes the scope of the district court's prior judgment, there is no meaningful dispute that it was not valid. *See id.* Third, although the legal and factual allegations underlying Jimijack's instant quiet title action against FNMA are different from the prior action, it is based on claims that could have been brought in the prior action. *See id.*

Jimijack contests Fannie Mae's present ownership of the underlying promissory note. Because the deed of trust is a security interest securing the underlying promissory note, Jimijack contends that the beneficiary of the deed of trust must prove ownership of the note—which, it contends, Fannie Mae cannot do. This claim is barred because it is based on the same facts and circumstances as ABS's claims in the prior action. *See id.* at 714. Even if ABS did not explicitly assert Jimijack's current claim in the prior action, it could have been asserted at that time. The facts pertaining to Fannie Mae's deed of trust, including its ownership and possession of the note secured by the deed of trust, were available

3

in public records to ABS, Jimijack's predecessor-in-interest.

Jimijack argues that ABS's failure to assert the note-ownership claim in the prior action should not have preclusive effect because it was not a compulsory claim. It contends that the issue in the prior action was whether the deed of trust survived the HOA foreclosure sale, and if that issue was resolved in favor of ABS, then it would not have needed to challenge Fannie Mae's right to enforce the deed of trust on the note-ownership ground. But the ripeness or maturity of a claim is irrelevant to the question of claim preclusion. *See Mendenhall v. Tassinari*, 403 P.3d 364, 370–71 (Nev. 2017) (rejecting the argument that claim preclusion does not apply because the claims "had not matured at the time of the responsive pleadings"). In Nevada, "a claim is compulsory 'if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim.'" *Id.* at 370 (quoting Nev. R. Civ. P. 13(a)). "The definition of transaction or occurrence does not require an identity of factual backgrounds." *Tassinari*, 403 P.3d at 370. Rather, "the relevant consideration is whether the pertinent facts of the different claims are so logically related that issues of judicial economy and fairness mandate that all issues be tried in one suit." *Id.* at 371.

Jimijack's note-ownership claim arises out of the viability of Fannie Mae's deed of trust interest following the HOA foreclosure sale. The underlying facts of the prior action are pertinent and related to the instant action such that Jimijack's

4

predecessor-in-interest could have asserted the note-ownership claim in the prior action. *See id.* at 370–371; *see also Five Star*, 194 P.2d at 714. Because it failed to do so, Jimijack's claim is precluded.

**AFFIRMED.**