An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

GREGORY S. LISH, AN INDIVIDUAL;
AND AMY M. LISH, AN INDIVIDUAL,
Appellants,
vs.
FIRST SECURITY BANK OF NEVADA,
Respondent.

No. 61408

FILED

SEP 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting summary judgment in a tort action. Eighth Judicial District Court, Clark County; Jack B. Ames, Judge.

In a prior action filed in 2010, respondent First Security Bank of Nevada (the Bank) filed a complaint against appellants Gregory and Amy Lish. In turn, the Lishes filed a counterclaim against the Bank asserting fraud and misrepresentation. The district court dismissed the Lishes' counterclaim due to a lack of specificity. Then, after conducting discovery, the Lishes filed a motion to amend their fraud and misrepresentation claims. The district court denied the motion after determining that an amendment would be futile because the claims were baseless. The Lishes filed a writ petition challenging the district court's order. This court denied the petition because the Lishes' right to appeal provided them with an adequate remedy at law. But, the Lishes never appealed the district court's decision.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-31817

In 2012, the Lishes commenced the present action by filing a complaint against the Bank for fraud and misrepresentation based on the same facts at issue in the 2010 case. The Bank filed a motion for summary judgment asserting that claim preclusion barred the Lishes' claims. The district court agreed and granted the Bank's motion. This appeal followed.

This court reviews a district court's order granting summary judgment de novo. *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). Summary judgment is appropriate when there is no evidence of a genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

Claim preclusion is intended to prevent an adjudication of an entire second suit based on the same set of facts and circumstances as the first suit. *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713-14 (2008). Claim preclusion applies if "(1) the parties or their privies are the same, (2) the final judgment is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Id.* at 1054, 194 P.3d at 713 (internal citations omitted).

Here, the parties and the claims are the same in both cases. Therefore, the only matter at issue is whether the district court entered a valid final judgment in the 2010 case. The Lishes argue that claim preclusion is inapplicable because the district court did not adjudicate the fraud and misrepresentation claims on the merits in the 2010 case. We disagree.

A valid final judgment does not necessarily require a determination on the merits, but it does not include a case that a court dismissed for some reason that is not intended to have a preclusive effect. *Id.* at 1054 n. 27, 194 P.3d at 713 n. 27. "Unless the court in its order for dismissal otherwise specifies, a dismissal . . . other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." NRCP 41(b). In *Five Star*, this court determined that a dismissal under EDCR 2.69(c) (providing for a dismissal for failure to appear at a calendar call) constituted a valid final judgment because the dismissal was not based on lack of jurisdiction, improper venue, or failure to join a party. *Five Star*, 124 Nev. at 1057-58, 194 P.3d at 715.

The district court's dismissal of the 2010 case constituted a valid final judgment because the court dismissed the fraud and misrepresentation claims for a reason other than lack of jurisdiction, improper venue, or failure to join a party. *See id.; accord Integrated Techs. Ltd. v. Biochem Immunosystems, (U.S.) Inc.*, 2 F. Supp. 2d 97, 102 (D. Mass. 1998) (citing *Kale v. Combined Ins. Co. of Am.*, 924 F.2d 1161, 1164 (1st Cir. 1991)) (denying motion to amend based on futility is considered an adjudication on the merits for claim preclusion purposes). Thus, the district court correctly granted the Bank's summary judgment motion based on claim preclusion.

Further, although the Lishes raised other issues on appeal, our determination that claim preclusion bars the second suit renders those issues moot. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:   Chief Judge, The Eighth Judicial District Court
      Hon. Jack B. Ames, Senior Judge
      Kathleen M. Paustian, Settlement Judge
      David J. Winterton & Associates, Ltd.
      Christensen James & Martin
      Shelley D. Krohn
      Eighth District Court Clerk