An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

SCHULZ PARTNERS, LLC,
Appellant,
vs.
THE STATE OF NEVADA, BOARD OF
EQUALIZATION; NEVADA
DEPARTMENT OF TAXATION;
DOUGLAS COUNTY; AND DOUGLAS
COUNTY ASSESSOR, DOUGLAS W.
SONNEMANN,
Respondents.

No. 63782

**FILED**

OCT 2 9 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying judicial review of a property tax determination. First Judicial District Court, Carson City; James Todd Russell, Judge.

Appellant Schulz Partners, LLC, owns a parcel of property at Lake Tahoe that abuts a beach area. Respondents Douglas County and Douglas County Assessor assessed Schulz's property using the sales comparison approach; the assessor did not include the beach area in the property tax assessment. Schulz argued that the assessment was invalid; however, Schulz also argued that the assessment was valid if it included the beach area. Respondent State Board of Equalization upheld the County's assessment and—based on this court's ruling in *Schulz v. Zephyr Cove Property Owners Association, Inc.*, Docket No. 18344 (Order Dismissing Appeal, March 30, 1988)—determined that Schulz did not own the beach area. Schulz then filed an unsuccessful petition for judicial review. This appeal followed.

SUPREME COURT
OF
NEVADA

(O) 1947A

14-35998

On appeal Schulz raises over twenty issues; however, we choose to discuss only three: (1) whether Schulz owns the beach area that abuts his property on Lake Tahoe; (2) whether the assessment of Schulz's property is just and equitable; and (3) whether NRS 321.595 is unconstitutional and whether its application amounts to a taking of Schulz's property interest without just compensation.

"In reviewing orders resolving petitions for judicial review that challenge State Board decisions," this court presumes that the State Board's determinations are valid. *State Bd. of Equalization v. Bakst*, 122 Nev. 1403, 1408, 148 P.3d 717, 721 (2006). The taxpayer can overcome this presumption only by presenting clear and satisfactory evidence that the State Board's valuation was based on a fundamentally wrong principle, the Board refused to exercise its best judgment, or that the assessment was so excessive it implies fraud and bad faith. *Id.* at 1409, 148 P.3d at 721.

After full consideration, we determine that all of Schulz's arguments lack merit. In *Schulz v. Zephyr Cove Property Owners Association, Inc.*, Docket No. 18344, we determined that Schulz's did not own the beach area abutting his property; *see also Schulz Partners, LLC v. Zephyr Cove Property Owners Association Inc.* Docket No. 55006 consolidated with Docket No. 55557 (Order of Affirmance, July 5, 2011), therefore, issue preclusion bars Schulz from re-litigating the matter. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008). Douglas County's and the Douglas County Assessor's assessment of Schulz's property was just and equitable because the assessor used an appropriate method under NRS 361.227 to determine the property's value. NRS 321.595 is constitutional under the public trust doctrine.

 

*See Lawrence v. Clark Cnty.*, 127 Nev. __, __, 254 P.3d 606, 612 (2011). Lastly, Schulz could not have suffered a taking because it did not have a property interest in the land it claims that the state took. *See McCarran Int'l Airport v. Sisolak*, 122 Nev. 645, 658, 137 P.3d 1110, 1119 (2006).

Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

cc:     Hon. James Todd Russell, District Judge
        Harry W. Swainston
        Douglas County District Attorney/Minden
        Attorney General/Carson City
        Carson City Clerk