**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NINA S. GRIFFIN, | No. 13-15288 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-00953-GMN-PAL |
| v. | |
| COUNTRYWIDE HOME LOANS SERVICING, L.P.; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted January 21, 2015**

Before:     CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Nina S. Griffin appeals pro se from the district court's judgment dismissing

her diversity action arising out of foreclosure proceedings.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  *Hebbe v. Pliler*, 627 F.3d 338, 341

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2010) (dismissal under Fed. R. Civ. P. 12(b)(6)); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (dismissal on basis of res judicata). We may affirm on any basis supported by the record. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1121 (9th Cir. 2013). We affirm.

The district court properly dismissed all of Griffin's causes of action other than her abuse of process claim as barred by the doctrine of res judicata because Griffin raised or could have raised these claims in her prior federal and state court actions that were brought against the same defendants and adjudicated on the merits. *See Stewart*, 297 F.3d at 956 (setting forth elements of federal claim preclusion doctrine and explaining that claim preclusion "prohibits lawsuits on any claims that were raised or could have been raised in a prior action" (citation and internal quotation marks omitted)); *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 713 (Nev. 2008) (setting forth elements of Nevada's claim preclusion doctrine).

Dismissal of Griffin's abuse of process claim premised on the wrongful filing of an unlawful detainer action was proper because Griffin failed to state a cognizable claim for relief. *See Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 963 P.2d 465, 478 (Nev. 1998) (abuse of process consists of "an ulterior purpose" and "a willful act in the use of the process not proper in the regular conduct of the proceeding").

The district court did not abuse its discretion in denying Griffin's request for leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may dismiss without leave to amend when amendment would be futile).

The district court did not abuse its discretion in denying Griffin's motions for reconsideration because Griffin did not set forth any basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59 and 60).

The district court did not abuse its discretion in denying Griffin's motion for preliminary injunction because Griffin failed to make the required showing for a preliminary injunction. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1134-35 (9th Cir. 2011) (setting forth standard of review and four-part test for preliminary injunction).

We reject Griffin's contentions regarding alleged judicial bias and purported denials of due process throughout this litigation.

Griffin's requests to strike defendant Countrywide Home Loans Servicing, L.P.'s Answering Brief and for sanctions against its counsel are denied.

13-15288

**AFFIRMED**.