NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 23 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, FKA The Bank of New York, as Successor to JPMorgan Chase Bank, N.A. as Trustee for the Holders of the MLMI Surf Trust, Mortgage Loan Asset-Backed Certificates, Series 2005-AB1, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> 7321 WANDERING STREET TRUST, <br><br> Defendant-Appellant. | No. 18-15551 <br><br> D.C. No. 2:16-cv-02571-JCM-CWH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted December 9, 2019
Pasadena, California

Before: BEA, COLLINS, and BRESS, Circuit Judges.

Appellant 7321 Wandering Street Trust (Wandering Street) appeals the

district court's grant of summary judgment in favor of the Bank of New York Mellon

(BNYM) on BNYM's claim for quiet title, following a homeowner association

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(HOA) foreclosure sale on a residential property to which BNYM held a first deed of trust. We have jurisdiction under 28 U.S.C. § 1291 and now reverse.

On July 6, 2015, BNYM filed an earlier initial lawsuit against Wandering Street and the Elkhorn Community Association (Elkhorn), the HOA, in the United States District Court for the District of Nevada. In that earlier lawsuit, filed in federal court based upon diversity of citizenship, *see* 28 U.S.C. § 1332, BNYM raised the same claims that it raises here, concerning the same property. When Wandering Street and Elkhorn moved to dismiss the earlier lawsuit, BNYM obtained two extensions of time within which to file a response, but ultimately failed to respond.

Invoking District of Nevada Local Rule 7-2(d), the district court on February 18, 2016 granted the defendants' motion to dismiss. The court's order provided:

> Local Rule 7-2(d) states that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." Because plaintiff has not opposed the motion to dismiss, it has consented to the granting of the motion.
>
> **IT IS HEREBY ORDERED** that the motion to dismiss (Dkt. #19) is GRANTED and this case is **DISMISSED.**

The court's judgment likewise stated: "This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered."[1]

---

[1] We grant Wandering Street's motion for judicial notice of materials from the prior judicial proceeding that were submitted to the district court below. *See Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002).

BNYM did not seek relief from the dismissal in the district court, nor did it appeal the dismissal to us. Instead, it filed a second lawsuit in the same district court (this time assigned to a different district judge), raising the same claims against Wandering Street and Elkhorn as BNYM's first suit. Wandering Street moved to dismiss, arguing that the previous dismissal of BNYM's first suit barred this second one. The district court disagreed and granted summary judgment to BNYM, setting aside the HOA's foreclosure sale.

On appeal, Wandering Street argues that this suit is barred by the prior dismissal. We agree. Federal Rule of Civil Procedure 41(b) creates a default rule for dismissals in federal court: unless it is voluntary under Rule 41(a), falls under an exception specified in Rule 41(b), or "states otherwise," a dismissal order "operates as an adjudication on the merits." "[T]he effect of the 'adjudication upon the merits' default provision of Rule 41(b) … is simply that" it "bar[s] refiling of the same claim in the [same court]." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 506 (2001); *see also Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 n.4 (9th Cir. 2005); 9 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2373 (3d ed. 2008).

Rule 41(b) thus bars the instant action: BNYM's earlier suit involved the same claims in the same district court, its dismissal was not voluntary under Rule 41(a), and none of the exceptions in Rule 41(b) apply. The order of dismissal in BNYM's

3

first case quoted District of Nevada Local Rule 7-2(d), which provided that failing to respond to a motion "constitute[s] a consent to the granting of the motion," and on that basis granted the defendants' motion to dismiss. That order, if anything, confirmed that the dismissal was an adjudication on the merits. At the very least, it did not "state[] otherwise." Fed. R. Civ. P. 41(b).

BNYM's suit is also independently barred under the doctrine of claim preclusion. Absent a conflict with federal interests, of which there is no suggestion here, the claim-preclusive effect of a judgment entered by a federal court sitting in diversity is evaluated under "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek*, 531 U.S. at 508. Under Nevada law, claim preclusion applies when "(1) the same parties or their privies are involved in both cases, (2) a valid final judgment has been entered, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Five Star Capital Corp. v. Ruby*, 194 P.3d 709, 714 (Nev. 2008) (en banc); *see also Weddell v. Sharp*, 350 P.3d 80 (Nev. 2015) (en banc) (modifying this test on grounds not relevant here).

In this case, there is no dispute that the parties and claims are the same in both actions. The only question is whether the dismissal in the first case qualifies as a "final judgment" for purposes of claim preclusion. Under Nevada law, it does. In *Five Star*, the plaintiff's first lawsuit was dismissed when counsel failed to appear

for calendar call and the defendant moved to dismiss. 194 P.3d at 710. The plaintiff then filed a second suit alleging similar claims and involving the same parties. *Id.* The Nevada Supreme Court held that claim preclusion barred the second suit. *Id.* at 715–16. Under Nevada law, a dismissal for failure to follow court rules was an "adjudication upon the merits," "even though the substantive issues have not been tried." *Id.* at 715 (quotations omitted). That result accorded with "the policy reasons behind claim preclusion," because if the second suit were allowed, "a party could fail to attend a mandatory calendar call, have its suit dismissed, and then easily avoid the consequences by merely filing a second suit." *Id.* at 715–16. Therefore, the dismissal of BNYM's first suit barred the instant suit under Nevada's doctrine of claim preclusion. *See Uranga v. Montroy Supply Co.*, 281 P.3d 1227 (Table), 2009 WL 1440762, at *1–2 & *1 n.1 (Nev. Jan. 9, 2009) (applying claim preclusion where prior claims were dismissed based on Nevada state court rule providing that failure to file an opposition to a motion to dismiss is "'a consent to granting the same'") (quoting Nev. Dist. Ct. R. 13(3)).

For the foregoing reasons, the judgment of the district court is therefore **REVERSED**, and the case is **REMANDED** with instructions to dismiss.

5