IN THE SUPREME COURT OF THE STATE OF NEVADA

WILLIAM K. ERRICO, AN
INDIVIDUAL; AND WILLIAM ERRICO
& ASSOCIATES, P.C., A NEVADA
PROFESSIONAL CORPORATION,
Appellants,
vs.
ZB, NATIONAL ASSOCIATION, A
SUBSIDIARY OF ZIONS
BANCORPORATION, D/B/A NEVADA
STATE BANK,
Respondent.

No. 78446

FILED

SEP 18 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order dismissing a complaint and denying injunctive relief in a case regarding the release of financial records. Eighth Judicial District Court, Clark County; Ronald J. Israel, Judge.[1]

Appellants William K. Errico and William Errico & Associates, P.C. (collectively, Errico) sued respondent ZB, National Association d/b/a Nevada State Bank (the Bank) after the Bank disclosed Errico's banking records to the Nevada State Bar in response to a series of subpoenas. Errico sought a declaration that the Bank's release of the records violated NRS Chapter 239A and, as such, the records were inadmissible in any other proceeding. See NRS 239A.180 (providing that evidence obtained in violation of NRS Chapter 239A is inadmissible in any proceeding). Errico

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-34505

also sought an injunction enjoining the Bank and "any other person or entity who has received [Errico's] financial records" from using those records in any future proceedings. The district court dismissed Errico's case pursuant to NRCP 12(b)(5), concluding that Errico could not prove any set of facts that would entitle him to relief.

Both of Errico's underlying claims stem from his assertion that the Bank violated NRS Chapter 239A when it disclosed his financial records to the State Bar. Errico made a similar argument in another appeal, asserting that the State Bar violated the provisions of NRS Chapter 239A when it obtained his financial records. In that case, we affirmed an order denying Errico's request for injunctive relief, determining that the State Bar is not a governmental agency to which NRS Chapter 239A applied. *Errico v. Stahl*, Docket No. 74663 (Order of Affirmance, Apr. 19, 2019); *see generally* NRS 239A, *et seq.* (providing that the provisions of NRS Chapter 239A only apply to governmental agencies).

Based on the outcome in that case, we agree with the Bank that issue preclusion bars Errico from prevailing on his claims here. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713-14 (2008) (setting forth the elements necessary to apply issue preclusion and explaining that "issue preclusion . . . applies to prevent relitigation of . . . a specific issue that was decided in a previous suit"). Errico was a party to the previous case and the issue presented is the same—whether NRS Chapter 239A applies to the State Bar's subpoenas to the Bank—satisfying the first and third elements of issue preclusion. *Id.* at 1055, 194 P.3d at 713. The second element is also satisfied because this court's resolution of this common issue constitutes a final ruling on the merits for purposes of

issue preclusion. *See* NRAP 36(c)(2) (providing that an unpublished disposition of this court establishes mandatory precedent in a related case for purposes of issue preclusion); *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 599, 879 P.2d 1180, 1191 (1994) ("For purposes of issue preclusion, a final judgment includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect." (quoting Charles A. Wright, Law of Federal Courts § 100A, at 682 (4th ed. 1983)) (internal quotation marks omitted)). And, finally, the fourth element is met because the issue of whether the State Bar is a governmental agency for purposes of NRS Chapter 239A was both "actually and necessarily litigated" in the prior matter. *See Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 262, 321 P.3d 912, 918 (2014) (explaining that an issue "necessary to the judgment in the earlier suit" is actually and necessarily litigated when it is "properly raised . . . and . . . submitted for determination"). Because all the issue preclusion elements are met, the district court properly dismissed Errico's complaint.[2] *See Saavedra-*

---

[2]Given our conclusion that issue preclusion bars Errico's claims, we also conclude that the district court did not err by denying Errico leave to amend his complaint because such amendment would have been futile. *See Anderson v. Mandalay Corp.*, 131 Nev. 825, 832, 358 P.3d 242, 247 (2015) (reviewing denial of a motion to amend on futility grounds de novo); *Allum v. Valley Bank of Nev.*, 109 Nev. 280, 287, 849 P.2d 297, 302 (1993) (explaining that the district court need not grant leave to amend when such amendment would be futile). We also disagree that Errico's request for monetary damages survives, as any such request depended on Errico prevailing on his equitable claims. *See* NRS 239A.170(2) (providing that a customer who prevails in enforcing NRS Chapter 239A's provisions is entitled to an award of attorney fees and costs).

*Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm a district court decision on different grounds than those provided by the district court). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, C.J.
Pickering

_____, J.
Hardesty

_____, J.
Cadish

cc: Hon. Ronald J. Israel, District Judge
Stephen E. Haberfeld, Settlement Judge
Johnson & Gubler, P.C.
Naylor & Braster
Eighth District Court Clerk