IN THE SUPREME COURT OF THE STATE OF NEVADA

GOLDEN CREEK HOLDINGS, INC., A
CORPORATION,
Appellant,
vs.
NATIONSTAR MORTGAGE LLC, A
NATIONAL BANKING ASSOCIATION,
Respondent.

No. 81821

FILED

JUL 09 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting a motion to dismiss in a quiet title and declaratory relief action. Eighth Judicial District Court, Clark County; James Crockett, Judge.[1]

In 2014, appellant's predecessor filed a lawsuit against respondent (which is the record beneficiary of the first deed of trust) seeking an adjudication that respondent could not foreclose on the deed of trust because an HOA foreclosure sale had extinguished respondent's deed of trust. The district court in the 2014 lawsuit granted summary judgment for respondent, concluding that the deed of trust survived the foreclosure sale. Then in 2020, appellant filed the underlying lawsuit seeking an adjudication that respondent could not foreclose on the deed of trust because it did not possess the promissory note secured by the deed of trust. The district court in the 2020 lawsuit dismissed appellant's complaint based on claim preclusion, reasoning that "[t]he allegations asserted by [appellant] in this lawsuit are based on the same facts and legal issues and

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

21-19802

consequences that were litigated in the earlier litigation." This appeal followed.

"Claim preclusion makes a valid final judgment conclusive on the parties and ordinarily bars a later action based on the claims that were *or could have been asserted* in the first case."[2] *Boca Park Marketplace Syndications Grp., LLC v. Higco, Inc.*, 133 Nev. 923, 924-25, 407 P.3d 761, 763 (2017) (emphasis added). We review de novo a district court's application of claim preclusion. *See Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014).

Appellant contends that the district court erred in applying claim preclusion because appellant's claims in the 2020 lawsuit—which were premised on respondent lacking possession of the promissory note (the "note-related claims")—were not asserted in the 2014 lawsuit. While we agree that the note-related claims were not asserted in the 2014 lawsuit, we nevertheless conclude that claim preclusion applies because appellant "could have" asserted those claims in 2014. *Boca Park*, 133 Nev. at 924-25, 407 P.3d at 763; *see Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) (recognizing that this court may affirm the district court on any ground supported by the record, even if not relied upon by the district court). In particular, and as respondent observes, appellant has not "explained any factual circumstance that has changed since the first lawsuit in 2014" that would call into question respondent's

---

[2]In *Five Star Capital Corp. v. Ruby*, this court set forth a three-part test for when claim preclusion should apply. 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008). Here, the parties dispute only the applicability of the third part of this test, i.e., whether appellant's claims in the 2020 lawsuit "could have been brought" in the 2014 lawsuit. *Id.*

2020 possession of the note. Appellant's complaint in the 2020 lawsuit contained no allegations that respondent lost or transferred the note between 2014 and 2020, nor do appellant's filings in district court contain any explanation as to why appellant's predecessor could not have contested respondent's possession of the note in the 2014 lawsuit.[3] Absent any such explanation in the record for why appellant's predecessor could not have brought the note-related claims in 2014, we conclude that claim preclusion bars appellant's 2020 lawsuit. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, Sr.J.
Gibbons

cc:     Chief Judge, Eighth Judicial District Court
        Department 24, Eighth Judicial District Court
        Hong & Hong
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[3]We decline to consider appellant's arguments that were raised for the first time on appeal, *see Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981), and for the first time in appellant's reply brief, *see Francis v. Wynn Las Vegas, LLC*, 127 Nev. 657, 671 n.7, 262 P.3d 705, 715 n.7 (2011).

[4]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.