# IN THE SUPREME COURT OF THE STATE OF NEVADA

CLAUDETTE D. VOGEL, TRUSTEE OF
THE VOGEL FAMILY TRUST UNDER
AGREEMENT DATED OCTOBER 25,
2016,
Appellant,
vs.
THE MARLA BAY PROTECTIVE
ASSOCIATION; 610 LAKESHORE LLC,
A NEVADA LIMITED LIABILITY
COMPANY; 650 LAKESHORE LLC, A
NEVADA LIMITED LIABILITY
COMPANY; JOHN F. AHERN AND
JUDITH W. AHERN, TRUSTEES OF
THE JOHN F. AHERN FAMILY TRUST
UTD JULY 13, 1983; RILEY M.
BECKETT AND JANE A. BECKETT, AS
TRUSTEES OF THE BECKETT
FAMILY 1994 TRUST, DATED
DECEMBER 7, 1994; CHARLES D.
BLOCH AND CAROL A. BLOCH, CO-
TRUSTEES OF THE CHARLES D.
BLOCH AND CAROL A. BLOCH
REVOCABLE LIVING TRUST, DATED
APRIL 14, 2000; BARBARA BOUCKE,
AS TRUSTEE, OR THE SUCCESSOR
TRUSTEE OR, TRUSTEES, U/A/D
NOVEMBER 15, 1990, AS AMENDED,
CREATING THE BARBARA BOUCKE
SEPARATE PROPERTY TRUST;
JOSEPH T. BREEZE AND
CONSTANCE T. BREEZE, HUSBAND
AND WIFE AS COMMUNITY
PROPERTY WITH RIGHT OF
SURVIVORSHIP; C. JOEL CASBURN
AND C. LYNN CASBURN; DARRELL F.
CHAMPION AND JOY H. CHAMPION
TRUST, UNDER INSTRUMENT
DATED MARCH 27, 2012; MICHAEL

No. 81123

FILED

DEC 17 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

21-36092

CHILCOAT AND CHERYL CHILCOAT, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH THE RIGHT OF SURVIVORSHIP; CHARMAYNE L. ZUCKER, STEVEN F. PETERSEN AND L. ROBERT LEGOY, JR., AS CO-TRUSTEES OF THE CLC FAMILY TRUST, DATED APRIL 15, 2008; CHARLES M. CORSIGLIA, SOLE TRUSTEE OF THE NANCY M. CORSIGLIA LIVING TRUST; SCHUYLER HAMILTON EARL, II, TRUSTEE OF THE SCHUYLER H. EARL II LIVING TRUST DATED 9/13/88; NANCY RUTH PAULSON EDMUNDSON AND EDWARD A. WHITE AND PATRICIA P. WHITE, AS TRUSTEES OF THE WHITE FAMILY TRUST U/A DTD. JUNE 2, 1999; DARIN G. FAIN, AN UNMARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY; DENNIS B. FARNESI AND ANA T. FARNESI, AS CO-TRUSTEES OF THE DENNIS B. AND ANA T. FARNESI REVOCABLE TRUST DATED APRIL 10, 1992, AND RESTATED JUNE 17, 2004; SCOTT FINK AND KATHY KLEIN, TRUSTEES OF THE SCOTT FINK AND KATHY KLEIN LIVING TRUST DATED 12-9-91; JOHN FINLEY; JEANNE FINLEY; JOSEPH FINLEY; JANE FINLEY; DEEANN FULSTONE, TRUSTEE OF THE DEEANN FULSTONE 2010 TRUST, DATED FEBRUARY 18, 2010; DONNA HAWKSFORD, AS TRUSTEE OF THE DONNA HAWKSFORD TRUST, DATED JULY 9, 2008; SCOTT H. HILKENE, TRUSTEE OF THE SCOTT H. HILKENE REVOCABLE TRUST, DATED MAY 11, 1993; SARAH V.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

ANAYA, TRUSTEE OF THE SARAH V. ANAYA TRUST DATED DECEMBER 31, 2003; F. SCOTT HINDES AND NANCY NELSON HINDES, TRUSTEES OF THE F. SCOTT HINDES AND NANCY NELSON HINDES 2012 RESIDENTIAL PROPERTY TRUST, DATED SEPTEMBER 24, 2012; PAUL M. HWANG AND JUDY FUJII-HWANG, HUSBAND AND WIFE; AUDREY J. LAMPERT AS SOLE TRUSTEE OF THE LAMPERT FAMILY TRUST, DATED JULY 23, 2008; JOSHUA DEMPSEY LAMPERT; MARIANNE FULSTONE LEINASSAR; ALAN SCOTT LEINASSAR; DONALD SAMUEL LOBATO; ANDREW CURTIS LUCCHESI; MARLA BAY, LLC, A NEVADA LIMITED LIABILITY COMPANY; JOHN A. MCQUIRK AND CAROL A. MCQUIRK, AS TRUSTEES OF THE MCQUIRK FAMILY 1999 TRUST DATED MAY 13, 1999; ELIZABETH A. NELSON, TRUSTEE OF THE NELSON REVOCABLE TRUST CREATED OCTOBER 5, 2006; PHYLLIS T. PIKE, AS TRUSTEE UNDER THE ROY AND PHYLLIS PIKE FAMILY TRUST AGREEMENT DATED DECEMBER 13, 2007; LARRY B. PILGRIM AND TONI M. PILGRIM AS CO-TRUSTEES OF THE LT PILGRIM REVOCABLE TRUST DATED AUGUST 4, 2015; ROLAND E. RENDE AND PALMINA M. RENDE, AS CO-TRUSTEES OF THE RENDE FAMILY TRUST, U/A DATED SEPTEMBER 9, 1983; MILTON E. RIGHETTI AND HOPE RIGHETTI, TRUSTEES OF THE MILTON & HOPE RIGHETTI 2016 TRUST, UID APRIL 11, 2016;

SUPREME COURT
OF
NEVADA

(O) 1947A

NICHOLAS D.E. ROSSI, JR. AND DEBRA A. ROSSI, AS CO-TRUSTEES OF THE NICHOLAS D.E. ROSSI, JR. FAMILY TRUST AGREEMENT DATED APRIL 26, 1996, AS AMENDED AND RESTATED; GARRETT D. SCHWARTZ AND NITA S. SCHWARTZ; SCOTT M. SMITH AND PIPER L. SMITH, CO-TRUSTEES OF THE SCOTT M. AND PIPER L. SMITH 2015 REVOCABLE TRUST DATED MAY 18, 2015; JOHN STEPHANS AND MARY STEPHANS, TRUSTEES OF THE STEPHANS LIVING TRUST DATED DECEMBER 14, 2006; CATHY J. STEWART, TRUSTEE OF THE CATHY J. STEWART TRUST, DATED NOVEMBER 17, 2010; DONALD R. SWICKARD, TRUSTEE OF THE DON SWICKARD FAMILY TRUST DATED AUG. 15, 1987; GLORIA JANIS LEE, TRUSTEE OF THE JAN LEE SEPARATE PROPERTY REVOCABLE TRUST; MATTHEW TILL; JAMES S. VOORHEES AND JULIE E. VOORHEES, TRUSTEES OF THE VOORHEES FAMILY TRUST, DATED 3 DECEMBER, 2009; CHARLES J. VOSS AND MARTHA L. VOSS, TRUSTEES OF THE VOSS FAMILY TRUST, DATED MAY 5, 2016; ROBERT E. WHEAR AND TWYILA S. WHEAR, AS CO-TRUSTEES OF THE ROBERT E. WHEAR OREGON RESIDENCE TRUST AGREEMENT DATED APRIL 12, 1999; TODD R. WHEAR; CAROLYN J. WHEAR; MARIANNE WHEAR ANTHONY; SCOTT J. WHITTEN AND MICHELLE L. WHITTEN, AS CO-TRUSTEES OF THE SCOTT J. AND MICHELLE L. WHITTEN FAMILY

SUPREME COURT
OF
NEVADA

(O) 1947A

4

TRUST, ESTABLISHED UNDER THE SCOTT J. AND MICHELLE L. WHITTEN FAMILY TRUST AGREEMENT DATED MARCH 11, 2009; LARRY L. WILSON II, TRUSTEE OF THE LARRY L. WILSON II LIVING TRUST DATED DECEMBER 17, 2014; HANS J. WINTSCH AND HEIDI L. WINTSCH, TRUSTEES OF THE WINTSCH FAMILY 1984 TRUST EXECUTED MARCH 15, 1984; SALLY J. WOOD, AND JAMES J. WOOD, TRUSTEES OF THE JAMES J. WOOD TRUST UNDER DECLARATION OF TRUST DATED DECEMBER 13, 2012; AND STEVEN C. ZOLA AND BELINDA S. ZOLA, TRUSTEES OF THE ZOLA LIVING TRUST DATED DECEMBER 29, 1998; CAROL E. FOSSE, TRUSTEE, THE CAROL E. FOSSE TRUST DATED MAY 8, 1998; RPT PROPERTIES, L.P., A CALIFORNIA LIMITED PARTNERSHIP; JOHN FRANZIA, JR. AND MARY LYNNE FRANZIA, TRUSTEES OF THE JOHN AND MARY LYNNE FRANZIA TRUST; PAMELA K. MCNAY, SUCCESSOR TRUSTEE OF THE JOHN W. MCNAY AND PAMELA K. MCNAY REVOCABLE INTERVIVOS TRUST-SURVIVING SPOUSE'S TRUST U/T/A DATED DECEMBER 18, 1998; AND BARBARA J. SOURIKOFF, TRUSTEE OF THE BARBARA J. SOURIKOFF REVOCABLE TRUST, U.T.D 29 JULY 2008,
Respondents.

SUPREME COURT
OF
NEVADA

(O) 1947A

5

CLAUDETTE D. VOGEL, TRUSTEE OF THE VOGEL FAMILY TRUST UNDER AGREEMENT DATED OCTOBER 25, 2016,
Appellant,
vs.
THE MARLA BAY PROTECTIVE ASSOCIATION; 610 LAKESHORE LLC, A NEVADA LIMITED LIABILITY COMPANY; 650 LAKESHORE LLC, A NEVADA LIMITED LIABILITY COMPANY; JOHN F. AHERN AND JUDITH W. AHERN, TRUSTEES OF THE JOHN F. AHERN FAMILY TRUST UTD JULY 13, 1983; RILEY M. BECKETT AND JANE A. BECKETT, AS TRUSTEES OF THE BECKETT FAMILY 1994 TRUST, DATED DECEMBER 7, 1994; CHARLES D. BLOCH AND CAROL A. BLOCH, CO-TRUSTEES OF THE CHARLES D. BLOCH AND CAROL A. BLOCH REVOCABLE LIVING TRUST, DATED APRIL 14, 2000; BARBARA BOUCKE, AS TRUSTEE, OR THE SUCCESSOR TRUSTEE OR, TRUSTEES, U/A/D NOVEMBER 15, 1990, AS AMENDED, CREATING THE BARBARA BOUCKE SEPARATE PROPERTY TRUST; JOSEPH T. BREEZE AND CONSTANCE T. BREEZE, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH RIGHT OF SURVIVORSHIP; C. JOEL CASBURN AND C. LYNN CASBURN; DARRELL F. CHAMPION AND JOY H. CHAMPION TRUST, UNDER INSTRUMENT DATED MARCH 27, 2012; MICHAEL CHILCOAT AND CHERYL CHILCOAT, HUSBAND AND WIFE AS COMMUNITY PROPERTY WITH THE

No. 81424

SUPREME COURT
OF
NEVADA

(O) 1947A

6

RIGHT OF SURVIVORSHIP; CHARMAYNE L. ZUCKER, STEVEN F. PETERSEN AND L. ROBERT LEGOY, JR., AS CO-TRUSTEES OF THE CLC FAMILY TRUST, DATED APRIL 15, 2008; CHARLES M. CORSIGLIA, SOLE TRUSTEE OF THE NANCY M. CORSIGLIA LIVING TRUST; SCHUYLER HAMILTON EARL, II, TRUSTEE OF THE SCHUYLER H. EARL II LIVING TRUST DATED 9/13/88; NANCY RUTH PAULSON EDMUNDSON AND EDWARD A. WHITE AND PATRICIA P. WHITE, AS TRUSTEES OF THE WHITE FAMILY TRUST U/A DTD. JUNE 2, 1999; DARIN G. FAIN, AN UNMARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY; DENNIS B. FARNESI AND ANA T. FARNESI, AS CO-TRUSTEES OF THE DENNIS B. AND ANA T. FARNESI REVOCABLE TRUST DATED APRIL 10, 1992, AND RESTATED JUNE 17, 2004; SCOTT FINK AND KATHY KLEIN, TRUSTEES OF THE SCOTT FINK AND KATHY KLEIN LIVING TRUST DATED 12-9-91; JOHN FINLEY; JEANNE FINLEY; JOSEPH FINLEY; JANE FINLEY; DEEANN FULSTONE, TRUSTEE OF THE DEEANN FULSTONE 2010 TRUST, DATED FEBRUARY 18, 2010; DONNA HAWKSFORD, AS TRUSTEE OF THE DONNA HAWKSFORD TRUST, DATED JULY 9, 2008; SCOTT H. HILKENE, TRUSTEE OF THE SCOTT H. HILKENE REVOCABLE TRUST, DATED MAY 11, 1993; SARAH V. ANAYA, TRUSTEE OF THE SARAH V. ANAYA TRUST DATED DECEMBER 31, 2003; F. SCOTT HINDES AND

SUPREME COURT
OF
NEVADA

(O) 1947A

7

NANCY NELSON HINDES, TRUSTEES OF THE F. SCOTT HINDES AND NANCY NELSON HINDES 2012 RESIDENTIAL PROPERTY TRUST, DATED SEPTEMBER 24, 2012; PAUL M. HWANG AND JUDY FUJII-HWANG, HUSBAND AND WIFE; AUDREY J. LAMPERT AS SOLE TRUSTEE OF THE LAMPERT FAMILY TRUST, DATED JULY 23, 2008; JOSHUA DEMPSEY LAMPERT; MARIANNE FULSTONE LEINASSAR; ALAN SCOTT LEINASSAR; DONALD SAMUEL LOBATO; ANDREW CURTIS LUCCHESI; MARLA BAY, LLC, A NEVADA LIMITED LIABILITY COMPANY; JOHN A. MCQUIRK AND CAROL A. MCQUIRK, AS TRUSTEES OF THE MCQUIRK FAMILY 1999 TRUST DATED MAY 13, 1999; ELIZABETH A. NELSON, TRUSTEE OF THE NELSON REVOCABLE TRUST CREATED OCTOBER 5, 2006; PHYLLIS T. PIKE, AS TRUSTEE UNDER THE ROY AND PHYLLIS PIKE FAMILY TRUST AGREEMENT DATED DECEMBER 13, 2007; LARRY B. PILGRIM AND TONI M. PILGRIM AS CO-TRUSTEES OF THE LT PILGRIM REVOCABLE TRUST DATED AUGUST 4, 2015; ROLAND E. RENDE AND PALMINA M. RENDE, AS CO-TRUSTEES OF THE RENDE FAMILY TRUST, U/A DATED SEPTEMBER 9, 1983; MILTON E. RIGHETTI AND HOPE RIGHETTI, TRUSTEES OF THE MILTON & HOPE RIGHETTI 2016 TRUST, UID APRIL 11, 2016; NICHOLAS D.E. ROSSI, JR. AND DEBRA A. ROSSI, AS CO-TRUSTEES OF THE NICHOLAS D.E. ROSSI, JR.

SUPREME COURT
OF
NEVADA

(O) 1947A

8

FAMILY TRUST AGREEMENT DATED APRIL 26, 1996, AS AMENDED AND RESTATED; GARRETT D. SCHWARTZ AND NITA S. SCHWARTZ; SCOTT M. SMITH AND PIPER L. SMITH, CO-TRUSTEES OF THE SCOTT M. AND PIPER L. SMITH 2015 REVOCABLE TRUST DATED MAY 18, 2015; JOHN STEPHANS AND MARY STEPHANS, TRUSTEES OF THE STEPHANS LIVING TRUST DATED DECEMBER 14, 2006; CATHY J. STEWART, TRUSTEE OF THE CATHY J. STEWART TRUST, DATED NOVEMBER 17, 2010; DONALD R. SWICKARD, TRUSTEE OF THE DON SWICKARD FAMILY TRUST DATED AUG. 15, 1987; GLORIA JANIS LEE, TRUSTEE OF THE JAN LEE SEPARATE PROPERTY REVOCABLE TRUST; MATTHEW TILL; JAMES S. VOORHEES AND JULIE E. VOORHEES, TRUSTEES OF THE VOORHEES FAMILY TRUST, DATED 3 DECEMBER, 2009; CHARLES J. VOSS AND MARTHA L. VOSS, TRUSTEES OF THE VOSS FAMILY TRUST, DATED MAY 5, 2016; ROBERT E. WHEAR AND TWYILA S. WHEAR, AS CO-TRUSTEES OF THE ROBERT E. WHEAR OREGON RESIDENCE TRUST AGREEMENT DATED APRIL 12, 1999; TODD R. WHEAR; CAROLYN J. WHEAR; MARIANNE WHEAR ANTHONY; SCOTT J. WHITTEN AND MICHELLE L. WHITTEN, AS CO-TRUSTEES OF THE SCOTT J. AND MICHELLE L. WHITTEN FAMILY TRUST, ESTABLISHED UNDER THE SCOTT J. AND MICHELLE L. WHITTEN FAMILY TRUST

SUPREME COURT
OF
NEVADA

(O) 1947A

AGREEMENT DATED MARCH 11, 2009; LARRY L. WILSON II, TRUSTEE OF THE LARRY L. WILSON II LIVING TRUST DATED DECEMBER 17, 2014; HANS J. WINTSCH AND HEIDI L. WINTSCH, TRUSTEES OF THE WINTSCH FAMILY 1984 TRUST EXECUTED MARCH 15, 1984; SALLY J. WOOD, AND JAMES J. WOOD, TRUSTEES OF THE JAMES J. WOOD TRUST UNDER DECLARATION OF TRUST DATED DECEMBER 13, 2012; AND STEVEN C. ZOLA AND BELINDA S. ZOLA, TRUSTEES OF THE ZOLA LIVING TRUST DATED DECEMBER 29, 1998; CAROL E. FOSSE, TRUSTEE, THE CAROL E. FOSSE TRUST DATED MAY 8, 1998; RPT PROPERTIES, L.P., A CALIFORNIA LIMITED PARTNERSHIP; JOHN FRANZIA, JR. AND MARY LYNNE FRANZIA, TRUSTEES OF THE JOHN AND MARY LYNNE FRANZIA TRUST; PAMELA K. MCNAY, SUCCESSOR TRUSTEE OF THE JOHN W. MCNAY AND PAMELA K. MCNAY REVOCABLE INTERVIVOS TRUST-SURVIVING SPOUSE'S TRUST U/T/A DATED DECEMBER 18, 1998; AND BARBARA J. SOURIKOFF, TRUSTEE OF THE BARBARA J. SOURIKOFF REVOCABLE TRUST, U.T.D 29 JULY 2008,
Respondents.

*ORDER REVERSING IN PART,*
*VACATING IN PART, AND REMANDING*

These are consolidated appeals from a district court judgment of dismissal and an award of attorney fees. Ninth Judicial District Court, Douglas County; Thomas W. Gregory, Judge. Appellant Claudia E. Vogel,

SUPREME COURT
OF
NEVADA

(O) 1947A

as trustee for the Vogel Family Trust Under Agreement Dated October 25, 2016 (the trust) and respondents dispute whether the trust or the Marla Bay Protective Association (MBPA) holds fee simple title to land that sits west of the western lot line of lots 11 and 12 in Block A (collectively, the property) of the Marla Bay residential subdivision at Zephyr Cove.

The district court dismissed the instant suit based on issue preclusion. In the early 1960s, T. H. Borla and others who owned parcels in the same subdivision as the property (collectively, the Borla plaintiffs) sought an injunction against the property's then-owners, the Gustafsons. The injunction would have prevented the Gustafsons from maintaining railings and fences across their property that interfered with the Borla plaintiffs' alleged easement or license to access the sandy portion of the property east of the Gustafsons' fence, between the fence and the Gustafsons' house. MBPA's grantor, Zephyr Cove Properties, Inc., was not a party to the litigation. The district court denied the injunction, rejected the Borla plaintiffs' easement and license claims, and "ORDERED, ADJUDGED and DECREED" as follows:

> 1.      That the prayer by the plaintiffs to declare an irrevocable easement or oral license in their favor to the use of a certain portion of the sand beach which lies within the lot lines of defendants be, and the same hereby is, denied.
>
> 2.      That the prayer by the plaintiffs that the defendants be enjoined from maintaining their present railings or fences and from in any manner preventing plaintiffs from the unhampered use of the entire beach by virtue of the alleged irrevocable easement or oral license be, and the same hereby is, denied.

The availability of issue preclusion is reviewed de novo, although "[o]nce it is determined that [it] is available, the actual decision to

Supreme Court
of
Nevada

(O) 1947A

11

apply it is left to the discretion of the district court." *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 984, 103 P.3d 8, 16 (2004). As relevant here, issue preclusion attaches only to determinations of issues that were actually litigated and essential to the judgment. *Holt v. Reg'l Tr. Servs. Corp.*, 127 Nev. 886, 891, 266 P.3d 602, 605 (2011); *see Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 262, 321 P.3d 912, 918 (2014). Thus, if the common issue was "necessary to the judgment in the earlier suit, its relitigation will be precluded." *Univ. of Nev. v. Tarkanian*, 110 Nev. 581, 599, 879 P.2d 1180, 1191 (1994), *holding modified on other grounds by Exec. Mgmt., Ltd. v. Ticor Title Ins. Co.*, 114 Nev. 823, 963 P.2d 465 (1998); *see* Restatement (Second) of Judgments § 27 (1982 & Supp. 2021) ("*Determinations not essential to the judgment.* If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues . . . is not precluded.").

Here, in the findings of fact and conclusions of law supporting its judgment, the district court stated that the "plaintiffs' only rights to the use of the sand beach are between the lake shore and the front lot lines of the property owned by the defendants." The district court and the respondents in this case rely on this statement to support the availability of issue preclusion, but it was not essential to the district court's judgment. *See* Restatement (Second) of Judgments § 27 (providing that determinations of issues that are not essential to the judgment "have the characteristics of dicta"); *see also Santana-Albarran v. Ashcroft*, 393 F.3d 699, 701-05 (6th Cir. 2005) (rejecting petitioner's argument that collateral estoppel applied in his favor because, although the immigration judge in his case implicitly found that petitioner had been continuously present in the United States for over ten years, such determination was not necessary to answer the

question of petitioner's status in the country). The limited question in the Borla litigation was whether the Borla plaintiffs had the right to access the portion of the sand beach lying east of the fence, which all parties conceded was at or within the Gustafsons' western lot line. As such, whether the Borla plaintiffs had a right to access land west of the western lot line did not affect the court's resolution in its judgment of that question.[1]

Even if issue preclusion is not available, respondents urge that the district court properly granted summary judgment because there is no "genuine dispute as to any material fact." NRCP 56(a). "This court reviews a district court's grant of summary judgment de novo, without deference to the findings of the lower court." *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005). The parties here dispute the significance of three facts, stemming from a segment of the subdivision map: first, that the western lot line of the subdivision map appears to begin at a point marked "meander cor."; second, that the bearing of that line matches the bearing of a meander line on an 1867 United States government survey (the survey) of the same area; and third, that the western lot line is of approximately the same length as the meander line on the survey.

---

[1]Because this element of issue preclusion is plainly not met, we do not reach the others. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 713 (2008) (describing four factors as "necessary for application of issue preclusion").



Based on these facts, appellant urges the court to conclude that the western lot line is a meander line, such that "the water course, and not the meander line, marks the boundary of the property." *Michelsen v. Harvey*, 107 Nev. 859, 862, 822 P.2d 660, 662 (1991); *see* NRS 321.595. Respondents maintain that the western lot line is fixed and the property is not littoral, and the district court agreed, finding that the map reflects the developer's clear intention to reserve Sand Beach, the land west of the lot line.

Yet, even considered in tandem, whether the notation of "meander cor.," the indicated bearing of the line, and the line's distance signify a conveyance to the meander line is a question of disputed material fact as to the mapper's intent. Depending on context, an intention to convey to the meander line might be indicated by a graphic representation, such as a "series of short, straight lines," 11 C.J.S. *Boundaries* § 14 (2019), parallel wavy lines, *see Sikes v. Moline Consumers' Co.*, 127 N.E. 342, 343-44 (Ill. 1920) ("The wavy lines indicating the river boundary aforesaid are the ones commonly used by surveyors and which are usually spoken of as one of the

conventional river signs . . . ."), or a "meandering line," *Stott v. Stevens*, 873 P.2d 380, 382 (Or. Ct. App. 1994) (finding it significant that "the western boundary of the plat is a meandering line and the southwest corner of the plat is six feet farther west than the northwestern corner"). Here, by contrast, the western lot line is none of these, but rather it is a straight, unbroken line; to its west is an area marked "Sand Beach," and to the west of that are wavy lines that appear to indicate Lake Tahoe waves.

A mapper's intent might alternatively be indicated by well-known terms of art, such as in *Michelsen*, in which the deed described the property as "[b]eginning at the meander corner . . . [then] . . . on the meander line to the place of beginning." *Michelsen v. Harvey*, 107 Nev. 859, 861, 822 P.2d 660, 661-62 (1991); *see also Andersen v. Monforton*, 125 P.3d 614, 619 (Mont. 2005) ("thence meandering"). Determining whether such terms of art are sufficiently present in this map poses difficult questions of how the map reflects both historical surveying custom—especially in a lot-and-block subdivision near the water—and the relevant legal requirements. *See* 1929 Nev. Stat., ch. 187, § 2, at 339-40 (establishing that plats were required to show, "[b]y course and distance, the position of one or more of the monuments with reference to a known and established corner of the public-land survey"); *Galardi v. Naples Polaris, LLC*, 129 Nev. 306, 310, 301 P.3d 364, 367 (2013) ("Modernly, courts consult trade usage and custom not only to determine the meaning of an ambiguous provision, but also to determine whether a contract provision is ambiguous in the first place."). For example, although the parties disagree about the significance of the map's reference to a meander corner—with appellant asserting that its location matches the origin point for the meander line on the survey, and respondents countering that it is featured on the map merely to fulfill a

SUPREME COURT
OF
NEVADA

(O) 1947A

15

legal requirement—they have not developed sufficient evidence on the term's usage in this context to justify a grant of summary judgment. Additional factual development of this kind may explain if the map is ambiguous in the first place, and if the map alludes to or references facts beyond it. *See* 11 C.J.S. *Boundaries* § 188 (2019) (describing the standards for admissible evidence in an action to judicially determine boundaries, such as an action to quiet title).

Finally, "[i]n the absence of extrinsic evidence, the intent of the parties to a deed should be ascertained by resort to the rules of construction of deeds, such as the familiar rule that boundaries are established in descending order of control." 11 C.J.S. *Boundaries* § 82 (2019). That order of control is, "[f]irst, natural monuments or objects, like mountains, lakes, and streams; second, artificial marks, stakes, or other objects . . . ; third, courses and distances . . . ; lastly, recitals of quantity." *Thomsen v. Keil*, 48 Nev. 1, 8, 226 P. 309, 311 (1924) (quoting *United States v. Redondo Dev. Co.*, 254 F. 656, 658 (8th Cir. 1918)). In this case, it is unclear whether the map's depiction of a sand beach as to the west of a boundary line originating at a meander corner is consistent with the real-world locations of the beach and the corner in the late 1920s, and to the extent there is any inconsistency, the rules of construction may clarify intent.

In sum, given the map's visual configuration and the absence of an explicit reference to a "meander line," determining the mapper's intent requires additional factual development. Because issue preclusion is not available to respondents and questions of disputed material fact remain, the district court erred by dismissing the suit and likewise by awarding attorney fees to respondents. Accordingly, we reverse the district court's




dismissal of the underlying suit, vacate the award of attorney fees, and remand to the district court for proceedings consistent with this order.

It is so ORDERED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon


cc:   Hon. Thomas W. Gregory, District Judge
David Wasick, Settlement Judge
Alling & Jillson, Ltd.
Hopkins & Carley, ALC
Feldman Thiel, LLP
Law Offices of Thomas J. Hall
Douglas County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A